[Cite as *State v. Burton*, 2020-Ohio-440.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-087** |
| XAVIER L. BURTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 001249.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, Ohio 44077 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Xavier L. Burton, appeals his sentence following his guilty plea to aggravated drug trafficking. We affirm.

{¶2} After a five-month investigation by the Lake County Narcotics Agency, Burton was charged with five counts in December 2018: count one, aggravated trafficking in drugs, a second-degree felony in violation of R.C. 2925.03(A)(2) with a forfeiture specification; count two, aggravated trafficking in drugs, a second-degree felony in

violation of R.C. 2925.03(A)(1) with a forfeiture specification; count three, aggravated trafficking in drugs, a second-degree felony in violation of R.C. 2925.03(A)(1) with a forfeiture specification; count four, aggravated trafficking in drugs, a third-degree felony in violation of 2925.03(A)(2) with a forfeiture specification; and count five, possession of criminal tools, including $4,815 in cash, digital scales, and a Draco 7.62 rifle, a fifth-degree felony in violation of R.C. 2923.24. Counts one through four each involved the sale of oxycodone on different dates in 2018 and totaling 325 pills.

{¶3} Following discovery, Burton pleaded guilty to count three, a second-degree felony in violation of R.C. 2925.03(A)(1) that arose from his sale of 20 oxycodone pills in the vicinity of a juvenile. The remaining charges were dismissed. Appellant faced a two- to eight-year mandatory prison term, and the court sentenced him to a mandatory five-year term.

{¶4} Burton raises one assigned error:

{¶5} "The trial court erred by sentencing the defendant-appellant to a five-year prison term."

{¶6} R.C. 2953.08(G)(2) governs our review of felony sentencing decisions and states:

{¶7} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not

2

whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * the following:

{¶9} "* * *

{¶10} "(b) That the sentence is otherwise contrary to law."

{¶11} "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts 'may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.' *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23." *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14.

{¶12} Burton's sentence is within the statutory range of two to eight years. Yet Burton contends his sentence is contrary to law because the court, upon fashioning his sentence, either improperly discounted the factors making Burton's behavior less serious and recidivism less likely or it failed to consider these factors at all. Burton also claims that his sentence is contrary to law because the length of his sentence is not supported by evidence. We disagree.

3

{¶13} Pursuant to R.C. 2953.08(G)(2) and *State v. Marcum*, 146 Ohio St.3d 516, we cannot vacate or modify Burton's sentence unless we clearly and convincingly find that the record does not support his sentence. *Id.* at ¶ 23-24.

{¶14} R.C. 2929.12(A) provides that in imposing a sentence for a felony offender, a sentencing court *shall* consider the R.C. 2929.12 seriousness factors, recidivism factors, and the offender's service in the armed services, if applicable, and any other relevant factors. *Id.* Yet, a court is not required to state its application of the factors to demonstrate that it considered them. *State v. Arnett,* 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793; *State v. Webb,* 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, 2004 WL 1778852, ¶ 10. "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Adams,* 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus (1988). And the burden is on the defendant to present evidence to rebut the presumption that the court considered the sentencing factors. *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, 19 N.E.3d 981, ¶ 79, citing *State v. Cyrus*, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992).

{¶15} At sentencing, Burton's attorney emphasizes Burton's lack of any prior criminal record and explains away his behavior as resulting from his environment. Burton spoke on his own behalf, his mother spoke on his behalf, and two letters were submitted in favor of his receiving a lower sentence. Each emphasizes that he is a good person and a loving father. Burton apologizes to the court and expresses regret and disappointment in his behavior.

{¶16} However, the prosecutor asks for a sentence on the higher end of the sentencing range because this is a unique case since the trial court had previously seen

4

multiple of Burton's "victims" facing drug possession charges before Burton was ever charged. The prosecution also emphasizes that the Lake County Narcotics Agency spent countless hours on this case and that Burton "is the top man for opiate pills in Lake County, Ohio. He was the culmination of a pipeline from Detroit where thousands of pills would be brought in. All the other dealers were buying from him." The prosecutor also states that Burton supplied most of the dealers in our community and the east side of Cleveland.

{¶17} The court states it considered the purposes and principles of R.C. 2929.11 and the factors listed in R.C. 2929.12. In imposing sentence, the court emphasizes that Burton had many more doses than the minimum for this charge and that Burton was forfeiting more than 300 oxycodone pills plus digital scales and a Draco 7.62 rifle from the other dismissed charges. The court found no factors making the offense less serious than others normally constituting the offense.

{¶18} The court also notes that Burton's lack of criminal record indicates that recidivism is less likely, but that it found recidivism was more likely based on the narcotics agency's familiarity with Burton and that he had engaged in a pattern of supplying drugs. Finally, the court concludes that prison is mandatory and necessary to protect the public from Burton's future crime and that a minimal sentence would demean the seriousness of his conduct.

{¶19} According to the prosecution, Burton was the top oxycodone seller in the county and the east side of Cleveland, and he was also Lake County's access point from Detroit's drug pipeline. In light of the foregoing, we do not find by clear and convincing evidence that the record does not support Burton's sentence.

5

{¶20} Burton's sole assigned error lacks merit, and the trial court's decision is affirmed.

TIMOTHY P. CANNON, P. J.,

CYNTHIA WESTCOTT RICE, J.,

concur.