[Cite as *State v. Lacy*, 2020-Ohio-1556.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-A-0058** |
| - vs - | : | |
| JAVONTE R. LACY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 00099.

Judgment: Affirmed.

*Cecilia M. Cooper*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, Ohio 44047 (For Plaintiff-Appellee).

*Michael J. Goldberg* and *Patrick J. Sennish,* The Goldberg Law Firm, LLC, Lakeside Place, Suite 450, 323 West Lakeside Avenue, Cleveland, Ohio 44113 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Javonte R. Lacy ("Mr. Lacy"), appeals from the Ashtabula County Court of Common Pleas' judgment entry that denied his petition for postconviction relief after finding the matters raised in his petition barred by the doctrine of res judicata.

{¶2}    Mr. Lacy raises two assignments of error, contending the trial court abused its discretion by denying his petition for postconviction relief because he supported his

petition with evidence dehors the record, i.e., affidavits from his brother, Jonah ("Jonah"), and his sister, Janea ("Janea"), that demonstrate his trial counsel was ineffective for failing to call Jonah as a witness at trial. Thus, he argues that (1) his claim of ineffective assistance of counsel is not barred by the doctrine of res judicata since he could not have raised this claim on direct appeal because the affidavits are evidence dehors the record; and (2) the affidavits were sufficient evidence dehors the record to merit an evidentiary hearing.

{¶3} We disagree with Mr. Lacy's contentions since the affidavits of Jonah and Jenea that Mr. Lacy contends are evidence de hors the record were available and his claims could have been raised at the time he filed his motion for new trial and/or on direct appeal. Thus, they are barred by the doctrine of res judicata. Further, a review of the record reveals Mr. Lacy raised the same ineffective assistance of counsel claim based on the failure of his trial counsel to call Jonah as a witness in his motion for a new trial and on direct appeal. The only difference is that Mr. Lacy attached his own affidavit to his motion for a new trial. The factual claims in the affidavits are the same, which the trial court found not credible, and which we affirmed on direct appeal in *State v. Lacy*, 11th Dist. Ashtabula No. 2018-A-0007, 2018-Ohio-3249 ("*Lacy I*").

{¶4} Finding no abuse of discretion in the trial court's denial of Mr. Lacy's petition for postconviction relief since it is barred by the doctrine of res judicata, we affirm the judgment of the Ashtabula County Court of Common Pleas.

## Substantive and Procedural History

{¶5} A jury found Mr. Lacy guilty of two counts of trafficking in heroin, felonies of the second degree, in violation of R.C. 2925.03(A)(1) and (C)(6)(e).

2

{¶6} After trial and before sentencing, Mr. Lacy filed a motion for a new trial and requested an oral hearing, arguing, as is pertinent to this appeal, that his former trial counsel had a professional conflict that prevented him from effectively defending Mr. Lacy at trial. At the time of trial, his former attorney was also representing Mr. Lacy's brother, Jonah, in an unrelated matter. Mr. Lacy attached an affidavit to the motion in which he averred that Jonah had been available to testify at trial and had been prepared to testify that he, not Mr. Lacy, sold the heroin to the confidential informant in the case.

{¶7} The state contended in its brief in opposition to Mr. Lacy's motion for a new trial that if Jonah had testified in this case, he would have either testified truthfully and incriminated Mr. Lacy or perjured himself. Either way, effective defense counsel could not have called him as a witness. Jonah was not a state's witness nor a co-defendant.

{¶8} The trial court denied Mr. Lacy's motion for new trial after finding Mr. Lacy's claim lacked credibility. There was substantial evidence presented to the jury that Mr. Lacy sold the drugs by way of the testimony of the confidential informant, the recordings of the drug buys, and the testimony of detectives who were surveilling the scene.

{¶9} Mr. Lacy filed, and the trial court denied, a motion for reconsideration and for an evidentiary hearing.

{¶10} The trial court sentenced Mr. Lacy to an eight-year term of incarceration and a fine of $7,500, which included restitution.

{¶11} Mr. Lacy subsequently appealed, raising the same issues as in his motion for a new trial. In relevant part, Mr. Lacy argued that the trial court erred to his prejudice in denying his motion for a new trial because of his trial counsel's representation of his

3

brother in an unrelated case and that his brother should have been allowed to testify in Mr. Lacy's defense.

{¶12}   In *Lacy I*, using the same standard for assessing the credibility of affidavits submitted in support of petitions for postconviction relief, we found no abuse of discretion in the trial court's determination that Mr. Lacy's affidavit lacked credibility.  *Id.* at ¶19.  We reviewed that Mr. Lacy's convictions were based on two controlled buys of heroin with a confidential informant.  While Mr. Lacy contended that his brother was willing to testify that he, not Mr. Lacy, sold the confidential informant the drug, the evidence proved contrary on its face.  *Id.* ¶21.

{¶13}   Quite simply, the informant testified that Mr. Lacy sold him the heroin.  *Id.* at ¶22.  His testimony was supported by detectives working with the Trumbull Ashtabula Group ("TAG") law enforcement task force, who arranged for the informant to purchase ten grams and fourteen grams, respectively, from Mr. Lacy on two separate occasions. *Id.* at ¶23.

{¶14}   The drug buys were recorded, and while Jonah spoke with Mr. Lacy on the phone to discuss the purchase price of the drugs and was present at the second heroin buy, the voice of the person selling the heroin was clearly identified as Mr. Lacy on both recordings.  *Id.* at ¶24-27.

{¶15}   Unrelated to the purchase of heroin, the informant also discussed with Mr. Lacy dogs that Mr. Lacy was breeding.  *Id.* at ¶26.  After the buy, Mr. Lacy led the informant to the kennels where the dogs were kept on his property.  *Id.*  One of the detectives observing the buy saw an informant exit with a "tall thin black male" who he identified as Mr. Lacy.  *Id.*

{¶16} In determining the claimed error to be without merit, we noted that the fact it was "Lacy's voice on the recordings of the heroin buys is virtually irrefutable. That voice belongs to a dog breeder and Lacy's mother's testimony that he bred dogs on the property renders the claim that the informant intentionally implicated Lacy rather than his brother in the transactions wholly implausible." *Id.* at ¶29. We further noted that "assuming arguendo, as suggested in Lacy's affidavit, that the heroin belonged to Jonah and that in some sense he was the principal behind the transactions, these facts would not exculpate Lacy as the person who actually sold the heroin to the informant." *Id.* at ¶30.

{¶17} In April of 2019, Mr. Lacy filed a petition to vacate or set aside his judgment of conviction or sentence. Mr. Lacy claimed his counsel was deficient in three respects, including the argument he now raises on appeal, that his trial counsel was ineffective because he had a conflict of interest that prevented him from calling Jonah as his witness. Attached to his petition for postconviction relief were affidavits from Jonah and their sister, Janea. The state filed a response in opposition to Mr. Lacy's petition.

{¶18} The trial court overruled Mr. Lacy's petition, finding it barred by the doctrine of res judicata since the information contained therein was available and his claims could have been raised at the time he filed his motion for new trial and on direct appeal. Further, the issues related to the petition were already raised and ruled upon.

{¶19} Mr. Lacy now appeals, and raises two assignments of error:

{¶20} "[1.] The trial court abused its discretion in its application of the doctrine of res judicata to Lacy's timely filed petition for post-conviction relief (pursuant to O.R.C. § 2953.21). This error was in violation of Lacy's rights under the Fourth, Fifth, Sixth, and

5

Fourteenth Amendments to the United States Constitution and Article I, Section 1 and 14 of the Ohio Constitution.

{¶21} "[2.] The trial court erred in denying Lacy's post-conviction relief petition where he presented sufficient evidence dehors the record to merit an evidentiary hearing."

### Postconviction Relief

{¶22} We review a trial court's decision on a petition for postconviction relief for abuse of discretion. *State v. Hobbs*, 11th Dist. Lake No. 2010-L-139, 2011-Ohio-5106, ¶14. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679; *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8 Ed.Rev.2004). In postconviction cases, "the trial court's gatekeeping function in the postconviction process is entitled to deference." *Id.*, quoting *Gondor* at ¶51.

{¶23} R.C. 2953.21 provides, in relevant part:

{¶24} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."

{¶25} A petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction. *Hobbs* at ¶17, citing *State v. Hessler,* 10th

6

Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶23. Pursuant to the doctrine of res judicata, "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, *any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment*." (Emphasis added.) *Id.,* quoting *State v. D'Ambrosio,* 73 Ohio St.3d 141, 143 (1995), quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

{¶26} To avoid dismissal of a postconviction petition on res judicata grounds, appellant must present competent, relevant, and material evidence outside of the trial court's record in support of his claim. *Id.* at ¶18, citing *State v. Adams,* 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶39, citing *State v. Cole*, 2 Ohio St.3d 112 (1982).

{¶27} Mr. Lacy contends the trial court abused its discretion and erred in denying his petition for postconviction relief because he submitted evidence dehors the record by way of affidavits from Jonah and Janae. A review of those affidavits, however, does not reveal evidence dehors the record since this information was available and his claims could have been raised in Mr. Lacy's motion for new trial and on direct appeal. Moreover, the affidavits do not differ or contain any new, additional evidence from Mr. Lacy's own affidavit, which was attached to his motion for new trial.

{¶28} Jonah's affidavit avers that he was represented by the same trial counsel as Mr. Lacy; that he informed their counsel he would like to be a witness, since he "had some information and involvement with the incidents that my brother (Javonte) now stands convicted of"; that their attorney told Jonah he would not be allowed to testify because it could cause him [Jonah] to be criminally indicted for involvement in Mr. Lacy's

7

case; that the attorney reviewed the evidence offered by the state and told the brothers that Jonah's voice was in both of the drug buy recordings (in the first, via a telephone call discussing drug prices, and in the second, Jonah was physically present).

{¶29} Janea's affidavit avers that she was present at Mr. Lacy's trial and that Mr. Lacy's attorney would not let Jonah testify. This is the same information that was contained in Mr. Lacy's own affidavit attached to his motion for a new trial, which the trial court denied and which we affirmed in *Lacy I*.

{¶30} In his affidavit, Mr. Lacy averred that his brothers' former counsel refused to let Jonah testify and that his brother had important information pertaining to the crime that would in some way exculpate Mr. Lacy.

{¶31} There is no new additional information in Jonah's affidavit that was not available and could have been raised in Mr. Lacy's motion for new trial and/or on direct appeal.

{¶32} As to the underlying issue Mr. Lacy is attempting to relitigate, we succinctly stated in *Lacy I* that: "assuming arguendo, as suggested in Lacy's affidavit, that the heroin belonged to Jonah and that in some sense he was the principal behind the transactions, these facts would not exculpate Lacy as the person who actually sold the heroin to the informant." *Id.* at ¶30.

{¶33} Thus, we can only conclude that Mr. Lacy is attempting to relitigate an issue that was already addressed by this court without any evidence de hors the record. All of the information in Jonah and Janea's affidavits was available at the time Mr. Lacy filed his motion for new trial and on direct appeal. Thus, the doctrine of res judicata bars the relitigation of this issue in his postconviction petition.

8

{¶34} Mr. Lacy's first assignment of error is without merit.

### Evidentiary Hearing

{¶35} In his second assignment of error, Mr. Lacy contends the trial court abused its discretion in denying his petition for postconviction relief without holding an evidentiary hearing. He argues that the affidavits are evidence dehors the record that warrant an evidentiary hearing since they demonstrate Mr. Lacy's trial counsel had a conflict of interest in representing both Mr. Lacy and his brother at the time of Mr. Lacy's trial.

{¶36} "A criminal defendant attempting to challenge his conviction through a petition for postconviction relief is not entitled to a hearing simply by filing the petition." *State v. Vinson*, 11th Dist. Lake No. 2007-L-088, 2008-Ohio-3059, ¶30, quoting *State v. Delmonico,* 11th Dist. Ashtabula No. 2004-A-0033, 2005-Ohio-2882, ¶13, citing *State v. Cole*, 2 Ohio St.3d 112, 113 (1982). "The trial court has a duty to ensure that the petitioner adduces sufficient evidence to warrant a hearing." *Id.*, quoting *Delmonico* at ¶13. Specifically, R.C. 2953.21(D) provides, in relevant part: "Before granting a hearing on a petition [for postconviction relief], the court shall determine whether there are substantive grounds for relief." Where a petitioner fails to set forth substantive grounds for relief, he or she has failed to adduce adequate evidence to warrant a hearing. *Id.*

{¶37} Further, the doctrine of res judicata precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim that was or could have been raised at trial or on direct appeal. *Delmonico* at ¶14, citing *Cole* at 113. A claim is not barred by operation of res judicata to the extent a petitioner sets forth competent, relevant, and material evidence de hors the record. *Id.*, citing *State v. Burgess,* 11th Dist. Lake No. 2003-L-069, 2004-Ohio-4395, ¶11. To be genuinely

9

relevant, the evidence dehors the record must materially advance the petitioner's claim and "meet some threshold standard of cogency." *Id.*, quoting *State v. Schlee*, 11th Dist. Lake No. 97-L-121, 1998 WL 964291, *5 (Dec. 31, 1998). "In the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits 'evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *Id.*, quoting *State v. Sopjack*, 11th Dist. Geauga No. 96-G-2004, 1997 WL 585904, *10 (Aug. 22, 1997), citing *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 WL 74756, *21 (Mar. 17, 1993).

{¶38} As we have already noted, Mr. Lacy provides no information that was not previously available and recites the same argument he raised in his motion for a new trial and on direct appeal. Namely and for the second time, Mr. Lacy alleges his counsel's representation was deficient because he represented his brother in another case and counseled both brothers that it would not be in either one's interest to have Jonah testify in Mr. Lacy's case.

{¶39} As we reviewed in *Lacy I*, we cannot say Mr. Lacy's trial counsel was ineffective for not calling Jonah as a witness. The evidence overwhelmingly establishes that Mr. Lacy was the voice on the drug buy recording. He was identified by the TAG detectives who were surveilling the scene and by the confidential informant. "[C]ounsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." (Citation omitted.) *State v. Treesh*, 90 Ohio St.3d 460, 490 (2001).

{¶40} Mr. Lacy also failed to demonstrate his trial counsel had an actual conflict in representing both Mr. Lacy and Jonah in an unrelated case.

10

{¶41} "The term 'conflict of interest' bespeaks a situation in which regard for one duty tends to lead to disregard of another. The obvious example of this is representation of clients with incompatible interests." *State v. Hope,* 11th Dist. Trumbull No. 2018-T-0053, 2019-Ohio-2174, ¶107, quoting *State v. Manross*, 40 Ohio St.3d 180, 182 (1988). "A lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose." *Id.*, quoting *Manross* at 182, citing *Columbus Bar Assn. v. Grelle*, 14 Ohio St.2d 208, 211 (1968).

{¶42} "Where there is a right to counsel, the Sixth Amendment to the United States Constitution also guarantees that representation will be free from conflicts of interest." *Id.* at ¶108, quoting *State v. Dillon*, 74 Ohio St.3d 166, 167 (1995). To establish a Sixth Amendment violation due to a conflict of interest, a defendant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.*, quoting *State v. Getsy*, 84 Ohio St.3d 180, 187 (1998), quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

{¶43} A possible conflict of interest is insufficient. *Id.* at ¶109, citing *Getsy* at 187, citing *Cuyler* at 350. "A possible conflict of interest exists where the 'interests of the defendants may diverge at some point so as to place the attorney under inconsistent duties.'" *Id.*, quoting *State v. Gillard*, 78 Ohio St.3d 548, 552-53 (1997), quoting *Cuyler* at 356. "[A]n actual conflict exists if 'during the course of representation, the defendants' interests do diverge with respect to a material fact or legal issue or to a course of action.'" *Id.*, quoting *Gillard* at 553, quoting *Cuyler* at 356.

{¶44} To establish an actual conflict, a defendant must show two elements. *Id.* at ¶110, citing *Gillard* at 553. First, he must demonstrate some plausible alternative defense

strategy or tactic might have been pursued. *Id.* Second, he must demonstrate the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests. *Id.*

{¶45} Mr. Lacy failed to show a plausible alternative defense strategy that his former trial counsel should have pursued that was inherently in conflict with his former counsel's other loyalties.

{¶46} After reviewing the documentary evidence attached to Mr. Lacy's petition, we believe he failed to set forth relevant evidence dehors the record that would materially advance his claim. The information contained in the affidavits of Jonah and Janea was available at the time Mr. Lacy filed his motion for new trial and/or on direct appeal, and the affidavits were cumulative to the argument made by Mr. Lacy that we thoroughly addressed in *Lacy I*. He failed to establish that an actual conflict existed from his trial counsel's representation of his brother in an unrelated case and that the decision to not call Jonah as a witness was anything other than trial strategy.

{¶47} Therefore, the trial court did not err by failing to hold an evidentiary hearing.

{¶48} Mr. Lacy's second assignment of error is without merit.

{¶49} Based on the foregoing, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

12