[Cite as *State v. Burton*, 2021-Ohio-1008.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-098** |
| XAVIER L. BURTON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 001249.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Xavier L. Burton*, pro se, A763-613, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, Ohio 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Xavier L. Burton, appeals the trial court's judgment dismissing his petition for postconviction relief. We affirm.

{¶2} In 2018, Burton was indicted on four counts of aggravated trafficking in drugs, with attendant forfeiture specifications, and one count of possessing criminal tools. Ultimately, Burton entered a guilty plea to one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1), a felony of the second degree, and agreed to forfeit all

items referenced in the indictment. The court entered a nolle prosequi on the remaining counts and sentenced Burton to five years in prison. Burton appealed his sentence, and this court affirmed. *State v. Burton*, 11th Dist. Lake No. 2019-L-087, 2020-Ohio-440.

{¶3} In 2020, Burton filed a motion for postconviction relief, arguing ineffective assistance of counsel based upon: (1) defense counsel mistakenly informing Burton that he was pleading to a felony of the third degree carrying a potential sentence of no more than three years in prison, and (2) defense counsel failing to adequately investigate the case or prepare for trial.

{¶4} The trial court concluded that Burton failed to produce sufficient credible evidence warranting relief and dismissed the petition. Burton appeals, assigning two errors:

{¶5} "[1.] The trial court abused its discretion in its application of the doctrine of res judicata to Burton's timely filed petition for post-conviction relief pursuant to [R.C. 2953.21] thus violating Burton's rights under the fourth, fifth, sixth, and fourteenth amendments to the United States Constitution and Article I, Sections 1 and 14 of the Ohio Constitution."

{¶6} "[2.] The trial court erred in denying Burton's post-conviction relief petition where he presented sufficient evidence dehors the record to merit an evidentiary hearing."

{¶7} With respect to Burton's first assigned error, under the doctrine of res judicata, "'a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal.'" *State v. Jackson*, 11th Dist. Lake No. 2019-L-042, 2019-Ohio-4735, ¶ 15, quoting *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-

Ohio-348, ¶ 38, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

{¶8} Burton's argument in support of his first assigned error is misplaced, as the trial court did not apply res judicata but, instead, dismissed the petition because Burton did not produce sufficient credible evidence warranting relief. Accordingly, Burton's first assigned error lacks merit.

{¶9} With respect to his second assigned error, Burton argues that the trial court erred in failing to hold a hearing on his petition.

{¶10} We apply an abuse of discretion standard to our review of a trial court's decision to dismiss a petition for postconviction relief without a hearing. *Jackson*, 2019-Ohio-4735, at ¶ 11. "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.'" *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶ 70, quoting *State v. Underwood*, 11th Dist. No. 2008-L-113, 2009-Ohio-2089, ¶ 30.

{¶11} The postconviction relief statute, R.C. 2953.21, provides, "Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a postconviction petition "asking the court to vacate or set aside the judgment or sentence * * *." R.C. 2953.21(A)(1)(a).

{¶12} Before the trial court grants a hearing on a postconviction petition claiming ineffective assistance of counsel, "'the petitioner bears the initial burden to submit evidentiary documents containing *sufficient operative facts* to demonstrate the lack of

3

competent counsel *and* that the *defense was prejudiced* by counsel's ineffectiveness.'" (Emphasis sic.) *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999), quoting *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819, 820 (1980), syllabus.

{¶13} In *Calhoun*, the Ohio Supreme Court held:

1. In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.

2. Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.

*Id.* at syllabus.

{¶14} In determining whether an affiant's testimony lacks credibility, the trial court should consider "all relevant factors[,]" including:

(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. (Citation omitted.)

*Id.* at 285.

{¶15} Here, Burton attached to his petition affidavits from himself, his mother, and the mother of his child. Burton maintains that defense counsel met with Burton and some of his family members prior to a hearing. According to Burton, the attorney advised him that, if he would plead guilty to one felony of the third degree, then he would likely be

4

sentenced to 18 months to two years of imprisonment. The three affiants all maintain that defense counsel assured them that the prison sentence would not exceed three years. Burton argues that, if not for defense counsel's promise that he would not receive more than three years of prison, he would not have agreed to plead guilty.

{¶16} In ruling on the motion for postconviction relief, the trial court judge noted that he had presided over Burton's change of plea and sentencing hearings. The court determined that the affiants' statements contradicted the record, because, at the plea hearing, Burton indicated that he understood that he was pleading guilty to a felony of the second degree carrying with it a prison term of between two and eight years, and Burton confirmed that no promises were made to him by the court, the prosecutor, or his attorney as to what sentence the court would impose. The court further found that the affiants were persons likely to be interested in the success of Burton's petition. Accordingly, the trial court determined that the affiants' statements lacked credibility. Further, even if the affidavits were accepted as true, the plea colloquy should have dispelled any reliance on the attorney's promise that Burton would receive no more than three years in prison. In addition, the court noted that the affidavits failed to address Burton's claim that defense counsel failed to properly investigate his case. Consequently, the court determined that Burton did not produce sufficient credible evidence that substantive grounds for relief exist.

{¶17} We cannot say that the trial court's judgment does not comport with reason or the record or that it amounts to an abuse of discretion. Accordingly, Burton's second

assigned error lacks merit.  The judgment is affirmed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.