[Cite as *State v. Nixon*, 2025-Ohio-1019.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-P-0050 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| DAVID A. NIXON, | Trial Court No. 2022 CR 00534 |
| Defendant-Appellant. | |

## O P I N I O N

Decided: March 24, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David A. Nixon*, pro se, PID# A794-609, Lorain Correctional Institution, 2075 South Avon-Belden Road, Grafton, OH 44044 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}     Defendant-appellant, David A. Nixon, appeals from the judgment of the Portage County Court of Common Pleas that denied his petition for postconviction relief. For the following reasons, we affirm.

{¶2}     Nixon was tried by a jury for grand theft, a third-degree felony, in violation of R.C. 2913.02; having a weapon while under disability, a third-degree felony, in violation of R.C. 2923.13; and burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1), with a firearm specification pursuant to R.C. 2941.141.

{¶3} The jury returned a guilty verdict on all three counts. Nixon was sentenced to two concurrent 36-month terms of imprisonment on the counts of having a weapon while under disability and grand theft, to be served consecutively to an indefinite term of imprisonment of seven up to 10 and 1/2-years imprisonment on the count of burglary, with a consecutive, mandatory one-year term of imprisonment on the firearm specification.

{¶4} Nixon appealed to this court, raising eight assignments of error in which he challenged the grand jury process and the issuance of multiple indictments and asserted issues concerning a valid written waiver of counsel, his motions to dismiss counsel, ineffective assistance of counsel, the sufficiency of the evidence against him, the state's suppression of "exculpatory evidence," the admissibility/exclusion of certain evidence, and the prosecutor's alleged misconduct. After determining his assignments of error were without merit, we affirmed the judgment of the Portage County Court of Common Pleas in *State v. Nixon*, 2023-Ohio-4871 (11th Dist.). Subsequently, this court overruled Nixon's application for reconsideration.

{¶5} In March 2024, Nixon filed a petition for postconviction relief in the trial court. He asserted five claims for relief in which he challenged the multiple "invalid" indictments, the grand jury foreperson's signature, the ineffective assistance of his trial counsel, and raised allegations of prosecutorial misconduct and court bias.

{¶6} Nixon submitted 23 exhibits with his petition or with other filings while the state's response was pending, including filings and transcripts from the record and the grand jury proceedings, and affidavits from Nixon, his sister Susan E. Pitts, and a family friend, Lisa Long.

2

Case No. 2024-P-0050

{¶7} Nixon also filed requests for admissions from two grand jury forepersons and the prosecutor; a "request for grand jury materials," asking the State to disclose the grand jury transcript; and a "motion to request judicial notice," requesting the court to take "judicial notice" of the prosecutor's "prior bad acts." He later filed a motion requesting the court to accept the admissions of one of the jury forepersons as "deemed admitted" pursuant to Civ.R. 36 because the jury foreperson had not responded to his request.

{¶8} In May 2024, approximately three months after Nixon filed his petition, he filed a "Motion to Supplement Ground for Relief to Post-Conviction Petition" requesting to add a sixth claim of ineffective assistance of counsel to his petition.

{¶9} On May 28, 2024, the State filed a motion for an extension of time to file a response to Nixon's petition for postconviction relief. The trial court issued a judgment entry two days later, granting the motion and setting a deadline of June 7, 2024, for the State to file a response. Accordingly, on June 7, the State filed a response to Nixon's petition for postconviction relief. On the same day, Nixon filed his second "Motion to Supplement Ground for Relief of Post Conviction Petition," requesting to add a seventh and an eighth claim for relief to his petition.

{¶10} In July 2024, the trial court denied Nixon's petition without an evidentiary hearing. The trial court reviewed the five claims Nixon raised in his petition for postconviction relief and the sixth claim in Nixon's first motion to supplement his petition. The court found claims one through four were barred by the doctrine of res judicata because they alleged due process violations that were addressed in his direct appeal. On claims five and six, which concerned the ineffectiveness of counsel, the court found Nixon failed to allege sufficient operative facts and/or submit any evidentiary documents.

3

Lastly, the court denied Nixon's request for an evidentiary hearing because he failed to set forth substantive grounds for relief.

{¶11} Nixon raises eight assignments of error for our review:

{¶12} "[1.] The trial court committed prejudicial error by failing to make findings of facts and conclusions of law pursuant to O.R.C. 2953.21(H).

{¶13} "[2.] The trial court abused its discretion and erred to the prejudice of the appellant by failing to address or consider appellant's grounds for relief nos. [seven and eight], thus, the July 26, 2024 summary dismissal of the petition is not a final appealable order.

{¶14} "[3.] The trial court abused its discretion by failing to consider the admitted admissions pursuant to Civil Rule 36 served by appellant that standing alone warrant a hearing under R.C. 2953.21.

{¶15} "[4.] The trial court abused its discretion by failing to give due deference to affidavits sworn to under oath and filed in support of the petition under R.C. 2953.21.

{¶16} "[5.] The trial court erred to the prejudice of the appellant and abused its discretion by ruling the appellant's jurisdictional challenges [are] barred by res judicata.

{¶17} "[6.] The trial court erred to the prejudice of the appellant by ruling that appellant's claims [one through four] are barred by res judicata when appellant presented evidence de hors the record in support of his grounds for relief.

{¶18} "[7.] The trial court abused its discretion to the prejudice of the appellant by failing to consider the factors set forth in R.C. 2953.21(D) before denying the petition without a hearing.

Case No. 2024-P-0050

{¶19} "[8.] The trial court erred to the prejudice of the appellant by failing to consider evidence submitted dehors the record to support [his] ineffective assistance of counsel claim."

{¶20} A petition for postconviction relief may be filed by a convicted criminal defendant who claims "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a)(i). The petition shall state the grounds for relief relied upon and may ask the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. R.C. 2953.21(A)(1)(a)

{¶21} "If the petition 'is sufficient on its face to raise an issue that the petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.'" *State v. Bunch*, 2022-Ohio-4723, ¶ 23, quoting *State v. Milanovich*, 42 Ohio St.2d 46 (1975), paragraph one of the syllabus.

{¶22} "In determining whether the petition states a substantive ground for relief, the trial court must consider the entirety of the record from the trial proceedings as well as any evidence filed by the parties in postconviction proceedings. R.C. 2953.21(D). If the record on its face demonstrates that the petitioner is not entitled to relief, then the trial court must dismiss the petition. R.C. 2953.21(D) and (E). If the record does not on its face disprove the petitioner's claim, then the court is required to 'proceed to a prompt hearing on the issues.' R.C. 2953.21(F) . . . ." *Bunch* at ¶ 24.

5

Case No. 2024-P-0050

**{¶23}** In order for a trial court to grant a hearing on a petition for postconviction relief based on ineffective assistance of counsel, Nixon's "postconviction petition need not definitively establish counsel's deficiency or whether [he] was prejudiced by it. Instead, the petition must be sufficient on its face to raise an issue whether [Nixon] was deprived of the effective assistance of counsel . . . ." *Id.* at ¶ 27. Further, his claims must depend on "factual allegations that cannot be determined by examining the record from his trial . . . ." *Id.* *See also State v. Cole*, 2 Ohio St.3d 112, 114 (1982) (to merit a hearing on a postconviction ineffective-assistance claim, a petitioner must proffer evidence outside the record that, if believed, would show that counsel was ineffective).

**{¶24}** Fundamentally, a petition for postconviction relief does not provide a petitioner with a second opportunity to litigate his or her conviction. *State v. Hobbs*, 2011-Ohio-5106, ¶ 17 (11th Dist.). "Pursuant to the doctrine of res judicata, '"a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, *any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'"'"* (Emphasis added.) *Id.*, quoting *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995), quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). However, "claims [of ineffective assistance of counsel] that rely on evidence outside the record may be heard on postconviction review even if similar claims have been previously raised and adjudicated against the petitioner in his direct appeal" and thus are not barred by the doctrine of res judicata. *State v. Blanton*, 2022-Ohio-3985, ¶ 41. *See also State v. Kyles*, 2024-Ohio-998, ¶ 25 (12th Dist.), quoting *Blanton* at ¶ 38 ("a petitioner who presents a claim of ineffective assistance of counsel,

6

and who demonstrates through evidence outside the trial record that their claim either was not, or could not have been, fairly adjudicated in a direct appeal . . . is provided 'a second opportunity to litigate the claim,'" thereby avoiding dismissal based on the doctrine of res judicata).

**{¶25}** We review a trial court's decision to deny a petition for postconviction relief without hearing for abuse of discretion. *Hobbs* at ¶ 14. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "[W]here the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* at ¶ 67. In matters relating to postconviction relief, the trial court's decision should be given deference. *State v. Gondor*, 2006-Ohio-6679, ¶ 52.

**{¶26}** In his first assignment of error, Nixon contends the trial court did not issue findings of fact and conclusions of law.

**{¶27}** When a trial court dismisses a petition for postconviction relief, it is mandatory for the court to issue findings of fact and conclusions of law. R.C. 2953.21(D); *State v. Calhoun*, 86 Ohio St.3d 279, 291 (1999). The obvious reason for this requirement is to apprise the petitioner of the grounds for the trial court's judgment and to enable the court of appeals to properly determine the appeal. *Id.*

**{¶28}** "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Id.* at 291-292. Thus, a trial court

7

issues proper findings of fact and conclusions of law where such findings (1) are comprehensive and pertinent to the issues presented, (2) demonstrate the basis for the trial court's decision, and (3) are supported by the evidence. *Id.* at 292.

{¶29} Here, the trial court's findings of fact and conclusions of law (1) reviewed all of Nixon's claims and were pertinent to the issues he raised, (2) demonstrated the basis for the trial court's decision, i.e., the doctrine of res judicata and failing to allege operative facts demonstrating ineffective assistance of counsel, and (3) are supported by the evidence. *See State v. Knowlton*, 2024-Ohio-5869, ¶ 19 (11th Dist.) (trial court's findings and conclusions that the appellant's claims were barred by the doctrine of res judicata were sufficient to apprise the appellant and the court of appeals of the trial court's rationale). Accordingly, we conclude the trial court issued sufficient findings of fact and conclusions of law.

{¶30} Nixon's first assignment of error is without merit.

{¶31} In Nixon's second assignment of error, he contends the judgment entry denying his petition is not a final appealable order because it did not address his seventh and eighth claims for relief.

{¶32} Pursuant to R.C. 2953.21(G)(2), "[a]t any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings." "Thereafter, it is left to the trial court's discretion whether to allow a petitioner to amend his petition." *State v. Gregory*, 2024-Ohio-5420, ¶ 50 (6th Dist.); *see also* R.C. 2953.21(G)(3). "We review the trial court's decision for an abuse of that discretion." *Gregory* at ¶ 50.

8

{¶33} While the trial court did not issue judgment entries on Nixon's motions to supplement, it is clear the trial court considered Nixon's first "motion to supplement" because it addressed his sixth claim for relief. However, the trial court did not address the seventh and eighth claims for relief raised in his second motion to supplement. Generally, when a trial court fails to rule on a pending motion, we presume the court overruled it. *See State v. Smith*, 2019-Ohio-5350, ¶ 13 (1st Dist.).

{¶34} We do not find the trial court abused its discretion in overruling Nixon's second motion to supplement under these circumstances. This is especially so because Nixon's potential seventh and eighth claims of error are also barred by the doctrine of res judicata. Nixon already raised or could have raised the issues of prosecutorial misconduct/fraudulent indictment and an invalid indictment on direct appeal. *See Smith* at ¶ 13 (the appellate court presumed the trial court denied appellant's pending motion to amend his petition and found no error in the decision since the motion to amend raised a duplicate argument that was already determined to be barred by the doctrine of res judicata).

{¶35} Nixon's second assignment of error is without merit.

{¶36} In his third, fourth, and seventh assignments of error, Nixon contends that the trial court abused its discretion by failing to consider the factors in R.C. 2953.21(D), including his affidavits and the jury foreperson's "admitted admissions pursuant to Civ.R. 36," when it denied his petition without first holding a hearing.

{¶37} Pursuant to R.C. 2953.21(D), in its determination of whether a petitioner has asserted substantive grounds for relief, a trial court "shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records

9

pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."

{¶38} Further, to merit a hearing, R.C. 2953.21 places the burden on the petitioner to make the initial evidentiary presentation containing sufficient operative facts to demonstrate a claim for postconviction relief. "There is no statutory authority for the trial court to provide discovery or obtain evidentiary materials to aid a petitioner in the presentation of his petition for postconviction relief." *State v. Getsy*, 1999 WL 1073682, *9 (11th Dist. Oct. 22, 1999).

{¶39} "[A] trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." *Calhoun*, 86 Ohio St.3d at 284. "The trial court may, under appropriate circumstances in postconviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant. That conclusion is supported by common sense, the interests of eliminating delay and unnecessary expense, and furthering the expeditious administration of justice." *Id.*

{¶40} In determining whether an affiant's testimony lacks credibility, the trial court should consider "all relevant factors[,]" including:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the

10

same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.

*State v. Burton*, 2021-Ohio-1008, ¶ 14 (11th Dist.), quoting *Calhoun* at 285.

**{¶41}** A review of the trial court's judgment entry reveals it considered the affidavits and other supporting evidence Nixon filed with his petition. However, none of Nixon's alleged operative facts and supporting evidence demonstrate a claim for postconviction relief that merits an evidentiary hearing.

**{¶42}** The affidavit of Lisa Long (presumably a family friend) and Nixon's sister's first affidavit both state they were barred from the courtroom during Nixon's criminal trial. A review of the transcript reveals witnesses and family were escorted out of the courtroom to allow the parties and the court to address preliminary issues before the start of the jury trial. Further, there was an issue over which witnesses Nixon intended to call, and potential witnesses were sequestered during the trial. In addition, Nixon's affidavit and his sister's second affidavit aver to the same allegations of prosecutorial/court misconduct and bias that were or could have been raised on direct appeal and that are now barred by the doctrine of res judicata. Nixon's petition was "required to contain *information* asserting *specific operative facts warranting relief.*" (Emphasis added.) *State v. Gulertekin*, 2000 WL 739431, *2 (10th Dist. June 8, 2000), citing *State v. Kapper*, 5 Ohio St.3d 36, 38-39 (1983). Nixon has failed to raise an issue that his conviction is void or voidable on constitutional grounds.

**{¶43}** Nixon also contends the trial court should have considered his unanswered request for admissions as "deemed admitted" and they should have been significant in the trial court's determination.

11

**{¶44}** Although petitions for postconviction relief are civil in nature, *see State v. Nichols*, 11 Ohio St.3d 40, 41-42 (1984), Civ.R. 36 is inapplicable in determining whether a petitioner established substantive grounds for relief and whether his petition contains information asserting specific operative facts that warrant an evidentiary hearing. "A postconviction proceeding. . . is generally governed by the Rules of Civil Procedure. . . [but] is also a statutory creation, however, and as such, it is controlled by the statute's procedural requirements when they conflict with the civil rules." *State v. Gipson*, 1997 WL 598397, *2 (1st Dist. Sept. 26, 1997).

**{¶45}** Because we conclude that the trial court properly considered all relevant factors under R.C. 2953.21(D), Nixon's third, fourth, and seventh assignments of error are without merit.

**{¶46}** In Nixon's fifth assignment of error, he contends the trial court erred by finding his jurisdictional challenges to the indictment are barred by the doctrine of res judicata because jurisdictional challenges "can be raised at any time."

**{¶47}** We agree with the trial court that Nixon has exhaustedly raised this issue in the trial court and in his direct appeal. Therefore, the trial court appropriately found Nixon's claim barred by the doctrine of res judicata. *See State ex rel. Kendrick v. Parker*, 2020-Ohio-1509, ¶ 8 (the relator's claim was properly denied because it was barred by the doctrine of res judicata; in a prior motion to withdraw guilty pleas, the relator raised the same jurisdictional argument as he did in his petition for writs of prohibition or mandamus).

**{¶48}** Nixon's fifth assignment of error is without merit.

{¶49} In his sixth and eighth assignments of error, Nixon contends the trial court erred in denying his first four claims for relief and his ineffective assistance of counsel claims because he presented evidence dehors the record to support his substantive grounds for relief.

{¶50} A petition must set forth competent, relevant, and material evidence dehors the record. *State v. Lacy*, 2020-Ohio-1556, ¶ 37 (11th Dist.). "To be genuinely relevant, the evidence dehors the record must materially advance the petitioner's claim and 'meet some threshold standard of cogency.'" *State v. Burgess*, 2004-Ohio-4395, ¶ 11 (11th Dist.), quoting *State v. Schlee*, 1998 WL 964291, *2 (11th Dist. Dec. 31, 1998). "In the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits 'evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *Id.*, quoting *State v. Sopjack*, 1997 WL 585904, *3 (11th Dist. Aug. 22, 1997), citing *State v. Coleman*, 1993 WL 74756, *7 (1st Dist. Mar. 17, 1993).

{¶51} A review of Nixon's 23 exhibits reveals that he has not presented any evidence dehors the record. To support his first four claims for relief, Nixon provides no information that was not previously available and recites the same arguments he raised in the trial court and on direct appeal, i.e., the allegedly invalid indictments and alleged misconduct/bias of the prosecutor and the trial court.

{¶52} Similarly, in his ineffective assistance of counsel claims, Nixon's petition was required to be "sufficient on its face to raise an issue whether [he] was deprived of the effective assistance of counsel. . . ." *Bunch*, 2022-Ohio-4723, at ¶ 27. Further, he was required to raise "factual allegations that [could not] be determined by examining the

13

record from his trial . . . ." *Id. See also Cole*, 2 Ohio St.3d at 114 (to merit a hearing on a postconviction ineffective-assistance claim, a petitioner must proffer evidence outside the record that, if believed, would show that counsel was ineffective).

{¶53} At the outset, we note that Nixon represented himself on appeal and raised an ineffective assistance of counsel claim. *See Nixon*, 2023-Ohio-4871, ¶ 79, 102-105 (11th Dist.). In his petition, Nixon contended his trial counsel were ineffective because of (1) bias and impropriety of the court/prosecution, (2) multiple indictments, (3) their failure to object to family and friends being taken out of the courtroom, and (4) their failure to raise an allied offenses argument for his convictions of burglary and grand theft.

{¶54} Nixon has not raised any factual allegations that could not have been determined by examining the record from his trial or that were not already raised in the trial court and on direct appeal. Nixon's arguments of bias/impropriety and the allegedly defective indictments against him are clearly barred by the doctrine of res judicata. Second, as addressed above, the affidavits of Nixon's family friend and sister do not advance Nixon's claim that his right to a public trial was violated beyond mere hypothesis and a desire for further discovery. Third, Nixon could have raised the issue of allied offenses on direct appeal. However, we note his convictions for burglary and grand theft were committed with a separate animus and were separate acts, i.e., the evidence presented at trial revealed he did not know there was a firearm in the house at the time he broke in. *See, e.g.*, *State v. Haller*, 2012-Ohio-5233, ¶ 76 (3d Dist.) (offenses of burglary and grand theft were committed by two separate acts and were not allied offenses). Thus, Nixon's trial counsel was not ineffective for failing to raise a meritless argument for the merger of these two offenses for sentencing purposes.

14

{¶55} Most fundamentally, none of Nixon's claims and supporting evidence raise an issue that his conviction is "void or voidable on constitutional grounds" that depends "upon factual allegations that cannot be determined by examination of the files and records of the case." *Bunch*, 2022-Ohio-4723, at ¶ 23, quoting *State v. Milanovich*, 42 Ohio St.2d 46 (1975), paragraph one of the syllabus. In short, Nixon has failed to state any substantive grounds for relief. *See Lacy*, 2020-Ohio-1556, at ¶ 27-34 (11th Dist.) (the petitioner did not provide competent, relevant, and material evidence outside of the record to support his claims, which were barred by the doctrine of res judicata).

{¶56} Nixon's sixth and eighth assignments of error are without merit.

{¶57} The judgment of the Portage County Court of Common Pleas is affirmed.


ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.