[Cite as *State v. Nixon*, 2025-Ohio-4423.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0018 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DAVID A. NIXON, | Trial Court No. 2022 CR 00534 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: September 22, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David A. Nixon*, pro se, PID# A794-609, Lorain Correctional Institution, 2075 South Avon-Belden Road, Grafton, OH 44044 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}   Appellant, David A. Nixon, appeals the judgment of the Portage County Court of Common Pleas that denied his August 27, 2024 pro se motion requesting a final appealable order.  For the following reasons, we affirm.

{¶2}   In 2022, Nixon was convicted of three offenses:  Count (1) Having Weapons While Under Disability, a third-degree felony, in violation of R.C. 2923.13; Count (2) Burglary with a Firearm Specification, a second-degree felony, in violation of R.C. 2911.12(A)(2) and 2941.141; and Count (3) Grand Theft, a third-degree felony, in violation of R.C. 2913.02.

{¶3}  As relevant to this appeal, three indictments were issued in this case. Originally, a grand jury indicted Nixon on three counts, Count (1) Having a Weapon While Under a Disability, Count (2) Aggravated Burglary, and Count (3) Grand Theft.  The State re-presented Count (2) Aggravated Burglary to the grand jury to add a Firearm Specification.  Subsequently, the State found the evidence did not support the charge of Aggravated Burglary and re-presented Count (2) to the grand jury to amend it to the lesser included offense of Burglary with a Firearm Specification.

{¶4}  We affirmed Nixon's convictions in *State v. Nixon*, 2023-Ohio-4871 (11th Dist.), *appeal not accepted*, 2024-Ohio-2718, and affirmed the denial of his petition for postconviction relief in *State v. Nixon*, 2025-Ohio-1019 (11th Dist.).

{¶5}  In August 2024, Nixon filed a "Motion to Request Final Appealable Order," requesting the trial court to issue a judgment entry dismissing the earlier "charges" of Aggravated Burglary and the added Firearm Specification.  In February 2025, the trial court overruled Nixon's motion, finding it not well taken.

{¶6}  Nixon appeals and raises the following error for our review:

{¶7}  "The trial court erred to the prejudice of the appellant by failing to comply with the statutory requirements contained in R.C. 2505.02 depriving the appellant of a final appealable order."

{¶8}  In his sole assignment of error, Nixon contends the trial court should have issued a judgment dismissing Count (2) Aggravated Burglary from the first indictment and Amended Count (2) Aggravated Burglary with a Firearm Specification from the second indictment.  Thus, he contends that his sentencing entry is not a final appealable order because these "hanging charges" remain unresolved.

Case No. 2025-P-0018

{¶9} The doctrine of "*res judicata* bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Nixon's argument is barred by the doctrine of res judicata since the court had jurisdiction over the case and Nixon. *See State v. Harper*, 2020-Ohio-2913, ¶ 25, quoting *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8 (recognizing that a common pleas court has subject-matter jurisdiction over felony cases) and *State v. Henderson*, 2020-Ohio-4784, ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927) (noting that "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). Thus, any sentence or judgment based on an error in the court's exercise of that jurisdiction is voidable, *Henderson* at ¶ 37, and Nixon should have raised this argument on direct appeal. *See also State v. White*, 2025-Ohio-916, ¶ 10-12 (10th Dist.) (the appellant's "hanging charge" argument was barred by the doctrine of res judicata because he could have raised it on direct appeal). Of note, Nixon raised the issue of being arraigned on multiple indictments in his direct appeal and petition for postconviction relief. *See Nixon*, 2023-Ohio-4871, at ¶ 85-87 (11th Dist.) (being arraigned on multiple indictments did not subject Nixon to double jeopardy); *Nixon*, 2025-Ohio-1019, at ¶ 46-48 (11th Dist.) (jurisdictional challenges to the indictments were barred by the doctrine of res judicata).

{¶10} Even if we were not barred by the doctrine of res judicata from reaching the merits of Nixon's argument, Nixon has no charges pending against him. Judge Painter and Professor Pollis succinctly explain "hanging charges":

> When a defendant . . . is charged with more than one crime in a single action, all of the charges must be resolved before the judgment is final. . . . Thus, where a defendant is convicted on more than one charge, there is no final order until the trial court enters judgment (including sentence) on each

Case No. 2025-P-0018

and every offense for which there is a conviction and a journal entry memorializing the disposition of charges resolved through dismissal or acquittal. Indeed, a criminal charge for which there is no recorded disposition is a "'hanging charge'" that "prevents the conviction from being a final order[.]" [For example,] "[a] conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial. Similarly, the imposition of a sentence on one charge, where the defendant has been convicted of more than one charge, is not final.

Painter and Pollis, *Ohio Appellate Practice* 2:10 (updated Nov. 2024).

{¶11} Nixon was tried on three counts, one of which was amended twice, first to add a Firearm Specification and second, to the lesser included offense of Burglary with a Firearm Specification. This is not a case of a mistrial on one count or a case where Nixon was only sentenced on one of his convictions. Nor could Nixon be charged with and/or convicted of Aggravated Burglary or Aggravated Burglary with a Firearm Specification because he was convicted of the lesser included offense. *See Nixon*, 2023-Ohio-4871, at ¶ 86 (11th Dist.). Thus, there are no hanging charges and there is no basis upon which Nixon may seek a final appealable order.

{¶12} Having determined that Nixon's assignment of error is without merit, we affirm the judgment of the Portage County Court of Common Pleas.


ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-P-0018

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE MATT LYNCH

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0018