DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas Country Court of Common Pleas, which denied appellant Robert P. Lee's petition for postconviction relief. For the following reasons, we affirm the decision of the trial court. *Page 2 
 {¶ 2} On May 17, 2007, appellant was indicted on one count of possessing crack cocaine, a violation of R.C. 2925.11(A) and (C)(4)(d), one count of trafficking in cocaine, a violation of R.C. 2925.03(A)(2) and (C)(4)(e) and, one count of possession cocaine, a violation of R.C. 2925.11(A) and (C)(4)(a). On September 17, 2007, he entered a no contest plea to the lesser included offense of attempted possession of cocaine in violation of R.C. 2923.02 and 2925.11(A) and (C)(4)(d). He was sentenced to three years in prison. He did not file a direct appeal of his conviction.
 {¶ 3} On May 2, 2008, appellant filed a petition for postconviction relief which the trial court denied on June 23, 2008. Appellant now appeals setting forth the following assignment of error:
 {¶ 4} "The trial court abused its discretion in denying petitioner's postconviction on the basis of res judicata on petitioner's ineffective assistance of counsel claim."
 {¶ 5} The doctrine of res judicata applies to postconviction relief proceedings. The doctrine bars a defendant from raising any defense or lack of due process that was or could have been raised at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus. A postconviction relief proceeding is not to be utilized as an alternative to or substitute for a direct appeal. State v. Addison (Aug. 3, 2000), 3d Dist. No. 5-2000-02.
 {¶ 6} An exception to the res judicata bar is when the petitioner presents competent, relevant and material evidence outside of the record that was not in existence *Page 3 
and available to the petitioner in time to support a direct appeal.State v. Lawson (1995), 103 Ohio App.3d 307, 315. The evidence must be genuinely relevant, and it must materially advance petitioner's claim that there has been a denial or infringement of his or her constitutional rights. State v. Sopjack (Aug. 22, 1997), 11th Dist. No. 96-G-2004. Appellant did not present such evidence in this case.
 {¶ 7} In his petition, appellant claimed that his trial counsel was ineffective in failing to challenge the legality of a search warrant used in his case and he alleges his counsel was ineffective in not challenging the stop of his automobile prior to his arrest. As these arguments could have been raised on a direct appeal, appellant's sole assignment of error is found not well-taken.
 {¶ 8} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1