[Cite as *State v. Edwards*, 2021-Ohio-3767.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-21-1044

      Appellee                              Trial Court No. CR0201901726

v.

Ramonn L. Edwards                          **DECISION AND JUDGMENT**

      Appellant                              Decided: October 22, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Ramonn L. Edwards, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Ramonn L. Edwards, appeals the January 28, 2021 judgment of the Lucas County Court of Common Pleas, denying his petition for post-conviction relief. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} On April 26, 2019, Ramonn Edwards was indicted on charges of aggravated possession of drugs, a violation of R.C. 2925.11(A) and (C)(1)(a), a fifth-degree felony (Count 1); aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(2) and (C)(1)(a), a fourth-degree felony (Count 2); and trafficking in marijuana, a violation of R.C. 2925.03(A)(2) and (C)(3)(b), a fourth-degree felony (Count 3).

{¶ 3} A search warrant had been executed in this case and led to evidence that incriminated Edwards. The affidavit for search warrant referenced information received from a confidential informant. Edwards moved for in camera disclosure of the identity of the confidential informant. Essentially, he claimed that if the confidential informant is who he believes (the mother of his children), that person could not have witnessed the conduct the informant claimed to have witnessed. He asked that the identity of the informant be disclosed to the court in camera.

{¶ 4} The state in its response brief acknowledged that the confidential informant indicated that heroin and cocaine were being sold out of Edwards's residence, he or she had been inside the residence numerous times and observed Edwards selling heroin, and he or she saw Edwards with a firearm and other drug paraphernalia. But the state stressed that the detective who applied for the search warrant stated that she had personally observed heavy foot and vehicle traffic coming and going from Edwards's residence and saw Edwards conduct a hand-to-hand drug transaction in a parking lot at the corner of Hill Avenue and Reynolds Road. The state maintained that disclosure of the identity of the confidential informant was unnecessary because his or her testimony

2.

was not vital to establishing an element of the crime, nor was it beneficial to Edwards in preparing a defense. It emphasized that Edwards had not been charged with making any controlled drug sales to the confidential informant and was not charged with any of the buys witnessed by the informant.

{¶ 5} The state further argued that Edwards was not entitled to a hearing on his motion. While Edwards had alleged falsities in the search-warrant affidavit, it claimed that Edwards failed to proffer any support for these allegations, other than that if the informant is who he thinks it is, the statements must be false. Moreover, the state claimed, even setting aside any information provided by the confidential informant, the remaining information in the search-warrant affidavit provided probable cause for the warrant given that the detective-affiant herself witnessed high foot and vehicle traffic indicative of narcotics sales, saw Edwards leave his residence in an Acura that he then drove to the parking lot of Hill and Reynolds, and observed Edwards make a hand-to-hand drug transaction.

{¶ 6} The trial court heard oral argument, at which time Edwards requested an ex parte hearing on his request for in camera disclosure of the identity of the confidential informant. The state was permitted to brief the issue. Following argument and briefing by the state, the trial court denied Edwards's motion in a judgment journalized on September 20, 2019.

{¶ 7} After his motion was denied, Edwards entered a plea of guilty, pursuant to *North Carolina v. Alford*, to amended Count 1, the lesser included offense of attempt to commit aggravated possession of drugs, a violation of R.C. 2923.02 and 2925.11(A) and

3.

(C)(1)(a), a first-degree misdemeanor. His plea was accepted, the trial court made a finding of guilty, a presentence investigation report was ordered, and the matter was continued for sentencing. The court sentenced Edwards to 180 days in the Correctional Center of Northwest Ohio, with 178 days suspended, and two years' probation. Counts 2 and 3 were dismissed. Edwards's conviction and sentence were memorialized in a judgment journalized on December 10, 2019. Edwards did not appeal this judgment.

{¶ 8} On January 10, 2020, Edwards filed a motion for post-conviction relief. He argued that (1) he did not timely receive a copy of his indictment; (2) he received ineffective assistance of counsel because counsel's motion for disclosure of the confidential informant failed to cite relevant case law; (3) the trial court erred in denying his motion to disclose the state's confidential informant because the detective fabricated her search-warrant affidavit, home surveillance video shows the mother of Edwards's children (who he believes is the confidential informant) present in his driveway during the execution of the search warrant even though her presence violated a civil protection order, the purported confidential informant has committed numerous bad acts, any drugs in the home were planted there, and he has other legitimate business enterprises that he conducts out of the residence; and (4) he was coerced into entering a plea because he feared for his freedom.

{¶ 9} The trial court denied Edwards's motion in a judgment journalized on January 28, 2021. It concluded that Edwards was personally served a copy of the indictment on May 21, 2019; Edwards failed to overcome the strong presumption that counsel's conduct fell within the range of reasonable professional assistance; Edwards

4.

failed to directly appeal the motion for disclosure of the confidential informant, and his arguments are now barred by the doctrine of res judicata; and the record demonstrates that Edwards's plea prevented the possibility that he would be convicted of multiple felonies, and his assertion that his plea was coerced is barred by the doctrine of res judicata.

{¶ 10} Edwards appealed the trial court's denial of his petition for post-conviction relief. He assigns the following error for our review:

The trial court abused its discretion when it arbitrarily, improperly denied the Appellant's timely filed motion to vacate or set aside judgment of conviction and sentence pursuant to R.C. 2953.21, ET SEQ. (POST CONVICTION RELIEF [PETITION]), in violation of the Appellant's United States and Ohio Constitutional Rights.

## II. Law and Analysis

{¶ 11} In his sole assignment of error, Edwards challenges the trial court's denial of his petition for post-conviction relief. Although Edwards entered an *Alford* plea, he argues that he "did not have a fair trial" because the affidavit for the search warrant that led to the discovery of incriminating evidence against him contained untruthful information. Furthermore, he claims, he was not permitted to discover the identity of a confidential informant; trial counsel was ineffective in failing to "bring forth" a home surveillance video, failing to cite pertinent case law in support of his motion for disclosure of the informant's identity, and failing to file a motion to suppress evidence; and he was coerced into entering a plea.

5.

{¶ 12} The state responds that Edwards's arguments could have been raised on direct appeal and are now barred by the doctrine of res judicata. It argues that Edwards failed to demonstrate that the search warrant was obtained based on false information provided either by the confidential informant or by the detective who applied for the warrant. And it argues that Edwards has raised arguments on appeal that were not raised in the trial court, and has failed to demonstrate that there was a reasonable probability that the outcome of the proceedings would have been different had trial counsel offered additional evidence or case law or filed a motion to suppress.

{¶ 13} Under R.C. 2953.21 (A)(1)(a)(i), a petition asking the court to vacate or set aside a judgment or sentence may be filed by "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 909 (1999). It is not to be used as an alternative to or substitute for a direct appeal. *State v. Lee*, 6th Dist. Lucas No. L-08-1207, 2008-Ohio-6177, ¶ 5.

{¶ 14} Generally, we review a trial court's decision granting or denying a post-conviction petition under an abuse-of-discretion standard. *State v. Boaston*, 6th Dist. Lucas No. L-17-1278, 2021-Ohio-360, ¶ 43-44, *appeal not allowed*, 163 Ohio St.3d 1429, 2021-Ohio-1721, 168 N.E.3d 525, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. Where, however, the trial court summarily

6.

dismisses a post-conviction relief petition on purely legal grounds (such as lack of subject-matter jurisdiction or res judicata), we review its decision de novo. *Id.*

{¶ 15} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The doctrine of res judicata applies to post-conviction relief proceedings, except where the petitioner presents "competent, relevant and material evidence outside of the record that was not in existence and available to the petitioner in time to support a direct appeal." *Id.* at ¶ 5-6, citing *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist.1995). For this exception to apply, "[t]he evidence must be genuinely relevant, and it must materially advance petitioner's claim that there has been a denial or infringement of his or her constitutional rights." *Id.*, citing *State v. Sopjack*, 11th Dist. No. 96-G-2004, 1997 WL 585904 (Aug. 22, 1997).

{¶ 16} Here, all of the arguments raised in Edwards's petition for post-conviction relief were or could have been raised in the trial court or on direct appeal. All the materials submitted in support of his petition—none of which are genuinely relevant nor advance his claim that there has been a denial or infringement of his constitutional rights—were in existence and available to him in time to support a direct appeal. We, therefore, conclude that the trial court did not err in denying Edwards's petition.

7.

{¶ 17} We find Edwards's sole assignment of error not well-taken.

### III.  Conclusion

{¶ 18} The claims raised by Edwards in his petition for post-conviction relief are barred by the doctrine of res judicata because they were or could have been raised in the trial court or on direct appeal.  We, therefore, affirm the January 28, 2021 judgment of the Lucas County Court of Common Pleas.  Edwards is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                            _____
                                                                        JUDGE
Christine E. Mayle, J.                          

Gene A. Zmuda, P.J.                            _____
CONCUR.                                                        JUDGE

                                                                _____
                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.