[Cite as *State v. Gregory*, 2024-Ohio-5420.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Laron Gregory

        Appellant

Court of Appeals No.  L-23-1259
L-23-1260

Trial Court No.  CR0201903063
CR0202001023

**DECISION AND JUDGMENT**

Decided:  November 15, 2024

* * * * *

Julia R. Bates, Lucas Count Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laron Gregory, pro se.

* * * * *

**MAYLE, J.**

**{¶ 1}** In this consolidated appeal, defendant-appellant, Laron Gregory, appeals the October 19, 2023 judgments of the Lucas County Court of Common Pleas, denying his petitions for postconviction relief.  For the following reasons, we affirm the trial court judgment in Lucas County case No. CR 19-3063.  We affirm, in part, and reverse, in part, the trial court judgment in Lucas County case No. CR 20-1023.

## I. Background

{¶ 2} Laron Gregory was charged in the Lucas County Court of Common Pleas in three separate indictments. The facts giving rise to the indictments are summarized in *State v. Gregory,* 2023-Ohio-331 (6th Dist.). Very briefly stated, Gregory was charged in Lucas County case No. CR 19-3063 after officers witnessed what they believed was a drug transaction in a Kroger parking lot on October 8, 2019. This led to the search of the vehicle, a hotel room, and a storage unit where drugs and drug-related items were found. Gregory was charged in Lucas County case No. CR 20-1023 after drugs and drug-related items were found in his vehicle following a traffic stop on November 28, 2019. And Gregory was charged in Lucas County case No. CR 19-3158 after drugs and drug-related items were found in his vehicle after being stopped on December 6, 2019. The cases were joined for purposes of trial and were tried to a jury beginning May 3, 2021. The jury reached the following verdicts, and the following sentences were imposed:

Lucas County case No. CR 19-3063:

| Count | Offense | Verdict | Sentence |
|---|---|---|---|
| 1 | Trafficking in heroin (R.C. 2925.03(A)(2) & (C)(6)(e)) | Guilty | 5 years' imprisonment (mandatory), to be served consecutively to the sentence imposed for Counts 3 and 5 and to the sentences imposed in case No. CR 20-1023 |
| 2 | Possession of heroin (R.C. 2925.11(A) & (C)(6)(d)) | Guilty | Merged into Count 1 |
| 3 | Trafficking in cocaine (R.C. 2925.03(A)(2) & (C)(4)(c)) | Guilty | 7 years' imprisonment (mandatory), to be served consecutively to the sentences imposed for |

2.

| | | | Counts 1 and 5 and to the sentence imposed in case No. CR 20-1023 |
|---|---|---|---|
| 4 | Possession of cocaine (R.C. 2925.11(A) & (C)(1)(b)) | Guilty | Merged into Count 3 |
| 5 | Trafficking in marijuana (R.C. 2925.03(A)(2) & (C)(3)(c)) | Guilty | 24 months' imprisonment, to be served consecutively to the sentences imposed for Counts 1 and 3and to the sentence imposed in case No. CR 20-1023 |
| 6 | Possession of marijuana (R.C. 2925.11(A) & (C)(3)(c)) | Guilty | Merged into Count 5 |
| 7 | Having weapons under disability (R.C. 2923.13(A)(3) & (B)) | Not guilty | n/a |

Lucas County case No. CR 20-1023:

| Count | Offense | Verdict | Sentence |
|---|---|---|---|
| 1 | Trafficking in cocaine (R.C. 2925.03(A)(2) & (C)(4)(d)) | Guilty | 18 months' imprisonment, to be served consecutively to the sentence imposed for Count 3 and to the sentences imposed in case No. CR 19-3063 |
| 2 | Possession of cocaine (R.C. 2925.11(A) & (C)(4)(c)) | Guilty | Merged into Count 1 |
| 3 | Aggravated trafficking in drugs (Methamphetamine) (R.C. 2925.03(A)(2) & (C)(1)(c)) | Guilty | 18 months' imprisonment, to be served consecutively to the sentences imposed for Count 1 and to the sentence imposed in case No. CR 19-3063 |
| 4 | Aggravated possession of drugs (Methamphetamine) (R.C. 2925.11(A) & (C)(1)(b)) | Guilty | Merged into Count 2 |

3.

Lucas County case No. CR 19-3158:

| Count | Offense | Verdict | Sentence |
|---|---|---|---|
| 1 | Trafficking in fentanyl related compound (R.C. 2925.03(A)(2) & (C)(9)(c)) | Not guilty | n/a |
| 2 | Possession of fentanyl related compound (R.C. 2925.11(A) & (C)(11) & (C)(11)(b)) | Not guilty | n/a |
| 3 | Trafficking in cocaine (R.C. 2925.03(A)(2) & (C)(4)(c)) | Not guilty | n/a |
| 4 | Possession of cocaine (R.C. 2925.11(A) & (C)(4)(b)) | Not guilty | n/a |
| 5 | Aggravated trafficking in drugs (R.C. 2925.03(A)(2) & (C)(1)(a)) | Not guilty | n/a |
| 6 | Aggravated possession of drugs (R.C. 2925.11(A) & (C)(1)(a)) | Not guilty | n/a |
| 7 | Aggravated trafficking in drugs (R.C. 2925.03(A)(2) & (C)(1)(a)) | Not guilty | n/a |
| 8 | Aggravated possession of drugs (R.C. 2925.11(A) & (C)(1)(a)) | Not guilty | n/a |

## A. The Direct Appeal

{¶ 3} Gregory appealed his convictions in case Nos. CR 19-3063 and CR 20-1023, assigning the following errors for our review:

1. The trial court erred, to the prejudice of appellant, when it denied appellant's motion to dismiss on grounds of preindictment delay.

2. The trial court abused its discretion in denying appellant's motion to suppress.

3. The trial court abused its discretion in denying appellant's motion for relief from perejudicial [sic] joinder.

4. The court did not mak[e] the proper findings, pursuant to R.C. 2929.14(C)(4), before ordering the sentence imposed in CR2019-3063 to be served consecutive to the sentence imposed in CR2020-1023.

4.

5. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution.

6. The trial court erred to the prejudice of appellant by not removing appointed counsel after clear indications that communication had broken down between counsel and appellant.

{¶ 4} We found Gregory's assignments of error not well-taken and affirmed the trial court judgments, but we remanded the matter to the trial court for a nunc pro tunc entry to correct several clerical errors. *Gregory,* 2023-Ohio-331 (6th Dist.).

### B. The Petition for Post-Conviction Relief in Lucas County Case No. CR 19-3063

{¶ 5} On June 15, 2022, while his direct appeal was pending, Gregory filed a pro se petition to vacate or set aside judgment of conviction or sentence. He asserted ten densely-worded "constitutional claims." Briefly summarized, those claims alleged the following:

Claim 1: Trial counsel was ineffective for failing to move to suppress pictures and testimony about evidence that had not been entered into the "chain of custody."

Claim 2: Trial counsel was ineffective for failing to file a timely motion to dismiss for violation of his right to a speedy trial.

Claim 3: Gregory's right to due process was violated because trial counsel failed to argue that the evidence was insufficient to support his conviction for trafficking and possession of marijuana, and the trial court committed plain error by failing to instruct the jury on the applicable mens rea for the "vicinity of a school" element.

Claim 4: Gregory's due process and equal protection rights were violated and counsel was ineffective for failing to object to deficient verdict forms.

Claim 5: Trial counsel was ineffective for failing to move to suppress illegally-obtained evidence and by failing to challenge incorrect factual assertions contained in the indictment.

Claim 6: Trial counsel was ineffective for failing to demand a "professional speedy trial calculation" and deprived Gregory of an opportunity to enter a plea of no contest, *Alford*, or guilty.

Claim 7: Gregory's rights to due process and a speedy trial were violated by the State's pre-indictment delay.

Claim 8: Trial counsel failed to argue certain evidence in support of the motion to suppress that he filed.

Claim 9: Gregory's right to equal protection was violated because the State prosecuted him, but not the other suspects who were in the car when he was arrested.

Claim 10: Gregory's due process rights were violated by the prejudicial joinder of all three cases and because the State refused to permit him to enter a plea in one case but go to trial in the other cases.

{¶ 6} After Gregory filed his petition, he continued to file motions, amendments, and supplements with the court. The trial court interpreted the following briefs filed by Gregory (and responses by the State) as relating to the petition for postconviction relief:

- August 11, 2022: motion to amend petition to vacate or set aside judgment of conviction or sentence with additional exhibit to support argument pursuant to R.C. 2953.21(G)(2), filed by Gregory;

- September 14, 2022: motion for and/or to demand discovery, filed by Gregory;

- September 28, 2022: opposition to defendant's motion for discovery, filed by the State;

- October 11, 2022: motion to dismiss/motion for summary judgment/answer to defendant's petition to vacate, filed by the State;

- October 11, 2022: response to plaintiff's opposition to defendant's motion for discovery, filed by Gregory;

- October 21, 2022: response to State of Ohio's motion to dismiss/motion for summary judgment/answer to defendant's petition to vacate, filed by Gregory;

- October 31, 2022: memorandum in support of demand for discovery, filed by Gregory;

- April 10, 2023: supplement to State's motion to dismiss/motion for summary judgment/answer to defendant's petition to vacate, filed by the State;

- May 2, 2023: motion and argument in support of request for leave to supplement post conviction petition with new evidence of defective indictment and errors in chain of custody, filed by Gregory; and

- September 27, 2023: motion to proceed with judgment, filed by Gregory.

### 1. Arguments Concerning Gregory's Ten Claims

{¶ 7} In his *first* claim, Gregory argued that trial counsel was ineffective for failing to move to suppress testimony that police observed powder on his hands and on the floorboard of his vehicle because this evidence "was not entered into chain of custody." He also claimed that certain residue was not tested, an officer admitted at the suppression hearing that he was not sure if he witnessed a hand-to-hand transaction, and there was no evidence that a scale or phone that were found had been used to traffic drugs. Gregory pointed to evidence contained in the trial transcript as support for his claim, but claimed that although it was admitted as trial evidence, he was unable to obtain a photo of a bag found on the center console of the vehicle. Gregory also stated that he needed the assistance of an attorney or investigator to help him produce evidence in support of his claim.

7.

**{¶ 8}** The State responded (1) the claim was barred by res judicata because it could have been raised on direct appeal, and (2) the failure to file a suppression motion is not per se ineffective assistance of counsel, and Gregory failed to demonstrate prejudice. It emphasized that all the evidence identified in support of Gregory's claim was part of the trial record. It also maintained that Gregory offered no support for the position that all incriminating evidence must be logged.

**{¶ 9}** In his *second* claim, Gregory argued that counsel was ineffective for failing to file a timely motion to dismiss for violation of his right to a speedy trial. He argued that the failure to do so was not mere "trial strategy." He emphasized that he was incarcerated for over 500 days awaiting trial and counsel knew he wanted to assert his speedy trial rights. Gregory pointed to evidence contained in the trial transcript and briefing filed in the Ohio Supreme Court as support for his claim. He also stated that he needed the assistance of an attorney or investigator to help him produce evidence in support of his claim.

**{¶ 10}** The State responded (1) this claim was barred by res judicata because challenges based on speedy trial violations may be resolved on direct appeal, and (2) Gregory's right to a speedy trial was not violated because he requested continuances, extensions, and discovery that tolled the speedy-trial clock, the COVID-19 health emergency necessitated delay, and time was tolled for the court to rule on Gregory's motion to suppress. It specifically laid out periods it claimed were tolled.

8.

{¶ 11} In his *third* claim, Gregory argued that trial counsel was ineffective for not challenging the sufficiency of the evidence. He argued that there was no evidence of a controlled buy, no testimony from eyewitnesses who observed trafficking in marijuana, and no video or photo evidence of him trafficking marijuana. He claimed that at best, the evidence supported possession, not trafficking. Gregory also claimed that he was sentenced for trafficking in a school zone, but marijuana was found in two different locations without evidence of the weight found at each location, there was no evidence that he sold marijuana within 1000 feet of a school, and powder observed on his hands and on the floor mat of his vehicle was not tested. He cited to portions of the trial transcript, but also stated that he needed the assistance of an attorney or investigator to help him produce evidence in support of his claim.

{¶ 12} The State responded (1) this claim was barred by res judicata because challenges to the sufficiency of the evidence may be resolved on direct appeal, and (2) it presented sufficient evidence to sustain his convictions. It maintained that video or phone evidence was not required to sustain his convictions, and it pointed out that a scale, sandwich bags, latex gloves, $800 in $20 bills, and a mask (discovered before COVID-19), all support that he was trafficking, and not merely in possession of, drugs. The State insisted that the "in the vicinity of a school" finding was a strict-liability enhancement element.

{¶ 13} In his *fourth* claim, Gregory argued that trial counsel was ineffective for failing to object to the jury verdict forms, which he claimed did not comply with R.C.

9.

2945.75 because they failed to state that additional findings were made that enhanced the offenses. Gregory cited to Ohio Jury Instructions, but also stated that he needed the assistance of an attorney or investigator to help him produce evidence in support of his claim.

{¶ 14} The State responded (1) this claim was barred by res judicata because challenges based on allegedly deficient jury verdict forms may be resolved on direct appeal, and (2) the verdict forms were not deficient because they properly stated the applicable sections of the Revised Code and the applicable felony level.

{¶ 15} In his *fifth* claim, Gregory argued that trial counsel was ineffective for not filing a motion to suppress on the basis that the search warrant said that marijuana was collected on one date when it was actually collected from separate locations on separate dates. He further claimed that there was no probable cause to search a storage unit and the State failed to specify the weights of the drugs found at the separate locations. Gregory stated that he needed the assistance of an attorney or investigator to help him produce evidence in support of his claim.

{¶ 16} The State responded (1) this claim was barred by res judicata because challenges relating to the failure to file a motion to suppress may be resolved on direct appeal, and (2) the transcript does not support Gregory's factual allegations in support of his claim. It further argued that Gregory had offered no authority for the position that the weight of the drugs found in the two locations could not be aggregated.

10.

**{¶ 17}** In his *sixth* claim, Gregory argued that counsel was ineffective for failing to compel the State to present "a professional speedy trial calculation." He claimed that this failure deprived him of the opportunity to enter a plea. Gregory blamed trial counsel for proceeding to trial and not securing a plea agreement. And he insisted that COVID-19 protocol hindered the negotiation process, particularly given that he attended many of his court appearances via Zoom. Gregory cited to the transcript, but also stated that he needed the assistance of an attorney or investigator to help him produce evidence in support of his claim.

**{¶ 18}** The State responded (1) this claim was barred by res judicata because a claim that counsel was ineffective for failing to assert speedy trial violations may be resolved on direct appeal, and (2) Gregory cannot show meritorious grounds to support a speedy-trial violation. It maintained that the court would likely have denied a motion to dismiss on speedy-trial grounds for the reasons previously articulated, thus it is speculative to claim that he would have agreed to a plea if such a motion had been filed and rejected. Finally, it pointed out that Gregory rejected a very favorable plea agreement.

**{¶ 19}** In his *seventh* claim, Gregory argued that preindictment delay violated his due process and speedy-trial rights. He maintained that he was arrested October 8, 2018, but was not indicted until over a year later. He insisted that he was in jail for four months on another case and had a probation officer, so the State cannot claim that he absconded. Gregory contended that the delay deprived him of the ability to obtain video evidence and

11.

body cam footage to show that someone else entered his vehicle with a bag. He denied that he failed to cooperate as an informant. Gregory cited to portions of the trial transcript, but also stated that he needed the assistance of an attorney or investigator to help him produce evidence in support of his claim.

{¶ 20} The State responded (1) this claim was barred by res judicata because challenges based on preindictment delay may be resolved on direct appeal, (2) he was prosecuted within the relevant statute of limitations, (3) any purported delay was not unjustifiable, and (4) he is unable to demonstrate prejudice. It maintained that Gregory was not immediately indicted because he had agreed to cooperate in identifying high-level drug dealers, and if it had indicted him immediately, dealers may have avoided him and Gregory's life may have been imperiled. The State contended that even if Gregory could show some incidental prejudice, it is outweighed by the strong evidence against him—e.g., that Gregory's hands were covered in powder and a substantial quantity of drugs was found during the investigation. Finally, the State urged that the delay in indicting him was not the result of negligence or deliberate efforts to delay in order to gain a strategic advantage at trial.

{¶ 21} In his *eighth* claim, Gregory argued that there was no probable cause for the search and seizure of his vehicle and maintained that proper arguments were not made in support of his motion to suppress. He claims that his motion would have been successful if counsel had argued that the police had only a suspicion or hunch (and not "100% probable cause") that there were drugs in a bag they claim to have seen through

12.

the window. He insisted that a bag was not visible in the photos used during the suppression hearing. Gregory did not identify any evidence in support of his claim—he stated that he would need an investigator or attorney to obtain such evidence.

{¶ 22} The State responded (1) this claim was barred by res judicata because challenges to illegal search and seizure may be resolved on direct appeal, and (2) Gregory offered no evidence in support of his claim.

{¶ 23} In his *ninth* claim, Gregory argued that his right to equal protection was violated because only he was prosecuted and not the other suspects—white females—in his vehicle. Gregory did not identify any evidence in support of his claim—he stated that he would need an investigator or attorney to obtain such evidence.

{¶ 24} The State responded that Gregory failed to support his claim of selective prosecution because he supplied no proof of discriminatory intent or effect. It claimed that the decision whether to prosecute rests entirely with the prosecutor, who is presumed to have discharged her official duties properly. The State also argued that Gregory cited no evidence in support of his assertion that the other occupants of the vehicle were similarly-situated. It pointed to evidence in the record demonstrating that it was apparent that Gregory had made the drug sales and the other passengers did not have white powder on their hands.

{¶ 25} In his *tenth* claim, Gregory argued that his right to due process was violated by the joinder of cases for trial. He maintained that the trial court abused its discretion because it would not allow him to plead to two indictments and go to trial on the

13.

remaining one. He further claimed that he did not sign a waiver agreeing to appear in court via Zoom. Gregory did not identify any evidence in support of his claim—he stated that he would need an investigator or attorney to obtain such evidence.

{¶ 26} The State responded (1) this claim was barred by res judicata because challenges to prejudicial joinder may be—and were—resolved on appeal, (2) he provided no evidence to support his claim, and (3) his claim lacks merit because the evidence related to each case was simple and direct and Gregory cannot demonstrate prejudice, especially given that he was acquitted in one of the three joined cases. The State emphasized that Crim.R. 8(A) permits joinder, joinder is favored, and concerns of judicial economy were particularly acute at the time of trial given the backlog of cases caused by the pandemic. The State also claimed that the evidence of each crime was simple and direct and the cases were easily distinguishable.

{¶ 27} In addition to the evidence cited with respect to the individual claims, Gregory also attached an affidavit averring (1) he intended to preserve his speedy-trial right and to seek suppression of evidence; (2) there was no probable cause to search his storage unit and he would have prevailed if counsel had moved to suppress evidence; (3) the jury would have reached a different verdict but for the admission into evidence of the scale, cell phones, and "[p]ictures and testimonies of evidence not entered into chain of custody;" (4) the powder on his hands and floorboard was not tested; (5) he was prejudiced by the aggregation of marijuana found on two separate, unrelated occasions; (6) the verdict forms "gave jurors a false reality that that these days are correlated;" (7) he

14.

would have been willing to testify if counsel had filed a timely motion to suppress; (8) he inquired about a plea agreement but counsel failed to negotiate one that would preserve issues for appeal; (9) he was prejudiced by the jury making sentencing enhancements involving weight of the drugs and other aggravating elements; (10) he was prejudiced by the failure to file a motion to suppress evidence not entered into the chain of custody and evidence from the storage unit; and (11) he needs body cam and dash cam videos to prove the involuntariness of his consent.

### 2. The Trial Court Judgment

{¶ 28} The trial court denied Gregory's petition in a judgment journalized October 19, 2023. In its judgment, the trial court "agree[d] with the reasoning articulated by the State in its filings," and found that Gregory "fail[ed] to raise evidence dehors the record indicating a denial of his constitutional rights." It explained that Gregory "is not entitled to discovery because he was not sentenced to death." The court determined that "all issues raised in [Gregory's] petition and supplemental filings are barred on grounds of res judicata because they were or could have been raised in his direct appeal." And it concluded that "no substantive grounds for relief exist in the record," thus a hearing was not required.

### 3. Appeal of the Trial Court Judgment

{¶ 29} On November 7, 2023, Gregory filed a notice of appeal of the October 19, 2023 judgment denying his petition to vacate or set aside judgment of conviction or

15.

sentence in Lucas County case No. CR 19-3063. This appeal was assigned case No. L-23-1259. He identifies the following error for our review:

> TRIAL COURT ERRED DENYING POSTCONVICTION PETITION AND ERRED WHEN IT DID NOT ADDRESS THE DEFENDANT'S MOTIONS FOR LEAVE TO AMEND AND SUPPLEMENT PETITION FOR POST-CONVICTION RELIEF FILED WHILE FINAL JUDGMENT FOR THE PETITION WAS PENDING. TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT FOR THE STATE OF OHIO WITHOUT GIVING FACTS AND CONCLUSIONS OF LAW OF AMENDED/SUPPLEMENTAL PETITIONS AND REQUESTS FOR LEAVE TO FILE, BUT IGNORED THE TIMELEY (sic) AMENDED AND REQUESTS FOR LEAVE TO SUPPLEMENT POSTCONVICTION PETITION, VIOLATING APPELLANT'S DUE PROCESS RIGHTS AND PETITIONERS (sic) RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED ACCORDING TO FIFTH, SIXTH, AND FOURTEENTH AMENDMENDTS (sic) OF THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION (sic).

### C. The Petition for Post-Conviction Relief in Lucas County Case No. CR 20-1023

{¶ 30} On June 7, 2022, while his direct appeal was pending, Gregory filed a petition to vacate or set aside judgment of conviction or sentence. He asserted five "constitutional claims." Briefly summarized, those claims alleged the following:

Claim 1: Trial counsel was ineffective for failing to move to suppress evidence that was collected as the result of an illegal search and seizure and was not entered into the chain of custody.

Claim 2: Trial counsel was ineffective for failing to file a timely motion to dismiss for violation of his right to a speedy trial.

Claim 3: Trial counsel was ineffective for failing to demand a "professional speedy trial calculation" and deprived Gregory of an opportunity to enter a plea of no contest, *Alford*, or guilty.

16.

Claim 4: Gregory's due process and equal protection rights were violated and counsel was ineffective for failing to object to deficient verdict forms.

Claim 5: Gregory's right to due process was violated because trial counsel failed to argue that the evidence was insufficient to support his conviction for trafficking drugs.

**{¶ 31}** The trial court interpreted the following brief filed by Gregory (and responses by the State) as relating to the petition for postconviction relief:

- September 16, 2022: motion to dismiss/motion for summary judgment/answer to defendant's petition to vacate, filed by the State;

- October 5, 2022: response/request for extension to respond to plaintiff's motion to dismiss/motion for summary judgment/answer to defendant's petition to vacate filed on or about September 16, 2022, filed by Gregory; and

- April 10, 2023: supplement to State's motion to dismiss/motion for summary judgment/answer to defendant's petition to vacate, filed by the State.

### 1. Arguments Concerning Gregory's Five Claims

**{¶ 32}** In his *first* claim, Gregory argued that although officers searched his vehicle after obtaining his consent, his consent was coerced. He claimed that dash cam and body cam videos would have shown the involuntary nature of the consent, but the State failed to preserve body cam evidence. He also complained that he had been unlawfully stopped by an unmarked car. Gregory cited to the trial transcript, Toledo Police policies, and the traffic citation issued to him for a front-plate violation as support for his claim, but he also claimed that he would need an investigator or attorney to obtain additional evidence.

17.

{¶ 33} The State responded (1) the claim was barred by res judicata because it could have been raised on direct appeal, and (2) the failure to file a suppression motion is not per se ineffective assistance of counsel, and Gregory failed to demonstrate prejudice. It emphasized that the dash cam video and officers' testimony provided the necessary facts for determination on appeal; the traffic stop was valid, the officers were not on duty for the exclusive or main purpose of enforcing motor vehicle laws so the marked car requirement was inapplicable; and Gregory consented to the search during the period reasonably necessary to process a traffic citation. It also maintained that Gregory did not demonstrate any irregularity in the chain of custody. Finally, the State insisted that Gregory may not use the postconviction process as a vehicle to develop the evidence required to support his claim.

{¶ 34} In his *second* claim, Gregory argued that counsel was ineffective for failing to file a motion to dismiss for violation of his speedy-trial right, and he would have more seriously considered a plea agreement if one had been filed and denied. Gregory cited to the trial transcript and Ohio Supreme Court briefing as support for his claim, but he also claimed that he would need an investigator or attorney to obtain additional evidence

{¶ 35} The State responded (1) this claim was barred by res judicata because challenges based on speedy-trial violations may be resolved on direct appeal, and (2) Gregory's right to a speedy trial was not violated because he requested continuances, extensions, and discovery that tolled the speedy-trial clock, the COVID-19 health

18.

emergency necessitated a delay, and time was tolled for the court to rule on Gregory's motion to suppress. It specifically laid out periods it claimed were tolled.

{¶ 36} In his *third* claim, Gregory argued that counsel was ineffective for failing to compel the State to present "a professional speedy trial calculation." He claimed that this failure deprived him of the opportunity to enter a plea. Gregory blamed trial counsel for proceeding to trial and not securing a plea agreement. And he insisted that COVID-19 protocol hindered the negotiation process, particularly given that he attended many of his court appearances via Zoom. Gregory cited to the transcript in support of his claim, but also stated that he needed the assistance of an attorney or investigator to help him produce additional evidence.

{¶ 37} The State responded (1) this claim was barred by res judicata because challenges based on speedy trial violations—and a claim for ineffective assistance for failing to assert speedy-trial rights—may be resolved on direct appeal, and (2) it is speculative to contend that the outcome would have been affected, especially given that Gregory rejected a favorable plea agreement.

{¶ 38} In his *fourth* claim, Gregory argued that trial counsel was ineffective for failing to object to the jury verdict forms, which he claimed did not comply with R.C. 2945.75 because they failed to state that additional findings were made that enhanced the offenses. Gregory cited to Ohio Jury Instructions in support of his claim, but also stated that he needed the assistance of an attorney or investigator to help him produce additional evidence.

19.

{¶ 39} The State responded (1) this claim was barred by res judicata because challenges based on allegedly deficient jury verdict forms may be resolved on direct appeal, and (2) the verdict forms were not deficient because they properly stated the applicable sections of the Revised Code and the applicable felony level.

{¶ 40} In his *fifth* claim, Gregory argued that trial counsel was ineffective for not challenging the sufficiency of the evidence. He argued that there was no evidence of a controlled buy, no testimony from eyewitnesses who observed trafficking in marijuana, and no video or photo evidence of him trafficking marijuana. He claimed that at best, the evidence supported possession, not trafficking. Gregory also claimed that there was no evidence that he placed the drugs where they had been hidden in the vehicle. Gregory did not identify any evidence in support of his claim—he stated that he would need an investigator or attorney to obtain such evidence.

{¶ 41} The State responded that (1) this claim was barred by res judicata because a direct appeal is the proper mechanism for challenging the legal sufficiency of evidence, and (2) it presented evidence that officers discovered 13.16 grams of pure cocaine, 3.61 grams of cocaine mixed with methamphetamine, crack cocaine (hidden under the steering wheel and center console), individually-packaged drugs (hidden under the steering wheel), a digital scale, two cell phones, and $620 in the center console (half of which was in $20 bills—a common increment associated with drug trafficking). The State maintained that the concealment of drugs, coupled with the packaging, equipment, and currency, supported the elements of the trafficking offenses.

20.

{¶ 42} In addition to the evidence cited with respect to the individual claims, Gregory also attached an affidavit averring (1) his consent was involuntarily given because he feared for his safety; (2) he would have been willing to testify if counsel had filed a timely motion to suppress; (3) he needs body cam and dash cam videos to help prove that his consent was involuntary; (4) he did not waive his speedy-trial rights; (5) he inquired about a plea bargain but counsel failed to negotiate one that would preserve issues for appeal; (6) he was prejudiced by the jury making findings involving the weight of the drugs and other aggravating elements; and (7) he was prejudiced by the failure to file motions to suppress evidence not tested or entered into the chain of custody (specifically drugs found in the cupholder).

### 2. The Trial Court Judgment

{¶ 43} The trial court denied Gregory's petition in a judgment journalized October 19, 2023. "[F]or the reasons articulated by the State in its filings," the court found that Gregory "fail[ed] to raise evidence dehors the record indicating a denial of his constitutional rights." It explained that Gregory "is not entitled to discovery because he was not sentenced to death." The court determined that "all issues raised in [Gregory's] petition are barred on grounds of res judicata because they were or could have been raised in his direct appeal." And it concluded that "no substantive grounds for relief exist in the record," thus a hearing was not required.

21.

### 3. Appeal of the Trial Court Judgment

{¶ 44} On November 7, 2023, Gregory filed a notice of appeal of the October 19, 2023 judgment denying his petition to vacate or set aside judgment of conviction or sentence in Lucas County case No. CR 20-1023. This appeal was assigned case No. L-23-1260. He assigns the following error for our review:

> Trial court erred denying post-conviction petition and erred when it did not address the defendant's amended and supplemented motions for post-conviction relief filed while final judgment for the petition was pending. Trial court committed reversible error in granting summary judgment for the state of Ohio without giving facts and conclusions of law of amended/supplemental motions, violating appellant's due process rights and appellants (sic) right to effective assistance of counsel was violated according to fifth, sixth, and fourteenth amendments' (sic) of the united states (sic) constitution and comparable provisions of the Ohio constitution (sic).

## II. Law and Analysis

{¶ 45} Gregory's appeals of the denial of his petitions for postconviction relief in Lucas County case Nos. CR 19-3063 (6th Dist. case No. L-23-1259) and CR 20-1023 (6th Dist. case No. L-23-1260) have been consolidated for purposes of this appeal. In both cases he argues that the court erred when it (1) denied his petition for postconviction relief; (2) failed to address amendments and supplements to his motion; and (3) did not set forth findings of fact and conclusions of law.

{¶ 46} Under R.C. 2953.21(A)(1)(a)(i), a petition asking the court to vacate or set aside a judgment or sentence may be filed by "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or

22.

the Constitution of the United States * * *."  "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999).  It is not to be used as an alternative to or substitute for a direct appeal.  *State v. Lee*, 2008-Ohio-6177, ¶ 5 (6th Dist.). Importantly, there is no statutory authority for the trial court to provide discovery, counsel, or expert assistance to help petitioner obtain evidentiary materials to support a petition for postconviction relief.  *State v. Getsy*, 1999 WL 1073682, *9 (11th Dist. Oct. 22, 1999).

{¶ 47} Generally, we review a trial court's decision granting or denying a post-conviction petition under an abuse-of-discretion standard.  *State v. Boaston*, 2021-Ohio-360, ¶ 43-44 (6th Dist.), *appeal not allowed*, 2021-Ohio-1721, citing *State v. Gondor*, 2006-Ohio-6679, ¶ 58.  Where, however, the trial court summarily dismisses a post-conviction relief petition on purely legal grounds (such as lack of subject-matter jurisdiction or res judicata), we review its decision de novo.  *Id.*

### A.  Findings of Fact and Conclusions of Law

{¶ 48} Under R.C. 2953.21(H), "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."  The purpose of this requirement is to inform the petitioner of the ground of the trial court's judgment and to enable the appellate court to properly determine an appeal of the judgment.  *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19 (1988).  The "trial court need not discuss every issue raised by appellant or

23.

engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law." *Calhoun* at 291-92. "The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Id.* The trial court's findings of fact and conclusions of law will be deemed sufficient "[w]here such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." *Id.*

{¶ 49} Here, in both cases, the trial court explained in its judgments that it agreed with the reasoning articulated by the State. It further specified that Gregory failed to raise evidence outside the record showing a denial of his constitutional rights, all issues raised were barred by res judicata, and no substantive grounds exist entitling him to a hearing. We find that the findings and conclusions contained in the trial court judgments were comprehensive and pertinent to the issues presented and demonstrate the basis for its decision.

### B. Failure to Consider Amendments and Supplements

{¶ 50} Under R.C. 2953.21(G)(2), "[a]t any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings." Thereafter, it is left to the trial court's discretion whether to allow a petitioner to amend his petition. *See State v. Phillips*, 1999 WL 58961, *4 (9th Dist. Feb. 3, 1999). We review the trial court's decision for an abuse of that discretion. *Id.* An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or

24.

unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  An

unreasonable decision is one that lacks sound reasoning to support the decision.

*Hageman v. Bryan City Schools*, 2019-Ohio-223, ¶ 13 (10th Dist).  "An arbitrary decision

is one that lacks adequate determining principle and is not governed by any fixed rules or

standard."  *Id.* quoting *Porter, Wright, Morris & Arthur, LLP v. Frutta del Mondo, Ltd.*,

2008-Ohio-3567, ¶ 11 (10th Dist).  And an unconscionable decision is one "that affronts

the sense of justice, decency, or reasonableness."  *Id.*

{¶ 51} In Lucas County case No. CR 19-3063, the State filed an answer and

motion on October 11, 2022.  In Lucas County case No. CR 20-1023, the State filed an

answer and motion on September 16, 2022.  Thus, the trial court had discretion whether

to allow Gregory to amend his petition after these dates.

{¶ 52} Here, in Lucas County case No. CR 19-3063, Gregory moved to amend his

petition on August 11, 2022.  The trial court's October 19, 2023 judgment indicates that it

considered the substance of what was contained in that filing.  Gregory did not move to

amend his petition in Lucas County case No. CR 20-1023, thus there was no amendment

or supplement to consider in that case.  Put simply, the trial court considered all the

amendments and supplements that it was required to consider, in addition to various other

filings that were within its discretion to consider.  We find no abuse of discretion in its

refusal to consider Gregory's various other filings, many of which were unrelated to his

petition.

25.

**{¶ 53}** Before we move to the substance of Gregory's appeal—the denial of his petitions—we emphasize that the only judgments at issue in these appeals are (1) Opinion and Judgment Entry on Defendant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence in Lucas County case No. CR 19-3063, journalized October 19, 2023; and (2) Opinion and Judgment Entry on Defendant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence in Lucas County case No. CR 20-1023, also journalized October 19, 2023. To that end, the only pleadings we will address are those that formed the basis for the trial court's judgments. To the extent that Gregory raises arguments outside of the pleadings specifically considered by the trial court and outside the bounds of his specific assignments of error, we decline to consider those arguments.

### C. Res Judicata

**{¶ 54}** "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The doctrine of res judicata applies to post-conviction relief proceedings, except where the petitioner presents "competent, relevant and material evidence outside of the record that was not in existence and available to the petitioner in time to support a direct appeal." *Id.* at ¶ 5-6*, citing *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist. 1995). For this exception to apply, "[t]he evidence

26.

must be genuinely relevant, and it must materially advance petitioner's claim that there has been a denial or infringement of his or her constitutional rights." *Id.* citing *State v. Sopjack*, 1997 WL 585904 (11th Dist. Aug. 22, 1997).

## 1. Ineffective Assistance of Trial Counsel

{¶ 55} Gregory's first through sixth claims and his eighth claim in Lucas County case No. CR 19-3063, and all five claims in Lucas County case No. CR 20-1023, allege ineffective assistance of trial counsel. The Ohio Supreme Court reiterated in *State v. Blanton*, 2022-Ohio-3985, ¶ 2, that where a petition for postconviction relief is premised on the ineffective assistance of trial counsel, res judicata will bar the petitioner's claim if (1) the petitioner had a new attorney on appeal, and (2) the claim could have been litigated based on the trial record. Moreover, a petitioner is not entitled to a hearing on his petition unless he introduces competent evidence of ineffective assistance that was not included in the trial record, *and* the evidence presents substantive grounds for relief—i.e., if believed, the newly presented evidence—together with any evidence in the trial record—establishes that counsel was ineffective. *Id.* at ¶ 33.

{¶ 56} Here, Gregory was represented by new counsel on appeal. Thus, his claims will be barred by res judicata unless the claims could not have been litigated based on the trial record. Moreover, Gregory would be entitled to a hearing on his motion only if he offered competent evidence—outside the trial court record—presenting substantive grounds for relief. We address each of Gregory's claims that were premised on ineffective assistance of counsel.

27.

{¶ 57} *Failure to file motion to suppress "pictures and testimony not entered into chain of custody."* (Claim one, Lucas County case No. CR 19-3063). Gregory argued that trial counsel should have filed a motion to suppress the following evidence and testimony: (1) a picture that was admitted into evidence; and (2) detectives' testimony that they observed powder on Gregory's hands and on the floorboard of his vehicle, they saw a scale and a telephone, and they witnessed a suspected hand-to-hand drug transaction. This evidence was all presented in the trial court and was also developed on cross-examination. As such, it is part of the trial record. Because it is part of the trial record, this claim could have been litigated on direct appeal. Res judicata now bars Gregory from asserting this claim in a petition for postconviction relief. *See e.g., State v. Miller,* 2002-Ohio-407, * 3 (4th Dist.) ("Appellant could have raised ineffective assistance of counsel for failing to file a motion to suppress on his direct appeal to this court. Since he failed to do so . . . res judicata bars his claim[.]").

{¶ 58} *Failure to file motion to dismiss on speedy-trial grounds.* (Claim two, Lucas County case No. CR 19-3063; Claim two, Lucas County case No. CR 20-1023). This court has recognized that "the issue of [an] appellant's speedy trial rights could have been raised on direct appeal," therefore, res judicata bars the petitioner from raising it in a petition for postconviction relief. *State v. Willingham*, 2016-Ohio-5359, ¶ 17 (6th Dist.). Because Gregory's speedy-trial violation could have been raised on direct appeal, it follows that his claim that trial counsel was ineffective for failing to argue a speedy-trial violation is also barred by res judicata.

28.

{¶ 59} *Failure to challenge the sufficiency of the evidence in support of his trafficking convictions.* (Claim three, Lucas County case No. CR 19-3063; Claim five, Lucas County case No. CR 20-1023). A claim regarding the sufficiency of the evidence is one that could and should be raised on direct appeal. *State v. Jayjohn,* 2021-Ohio-2286, ¶ 21 (4th Dist.); *see also State v. Jones,* 2017-Ohio-5533, ¶ 8 (10th Dist.) ("To the extent appellant sought to challenge the sufficiency of the evidence to support the charges against him, he could have raised these issues in a direct appeal."). Because it may be raised on direct appeal, res judicata bars a petitioner from asserting it in a petition for postconviction relief. *Jones* at ¶ 8, citing *State v. Ibrahim,* 2014-Ohio-5307, ¶ 10 (10th Dist.). Because a challenge to the sufficiency of the evidence could have been raised on direct appeal, it follows that a claim that counsel was ineffective for failing to argue that the evidence was insufficient is also barred by res judicata.

{¶ 60} *Failure to object to jury verdict forms.* (Claim four, Lucas County case No. CR 19-3063; Claim four, Lucas County case No. CR 20-1023). Clearly, the jury verdict forms were part of the trial court record, regardless of whether Gregory had a copy within his possession. Moreover, this court has recognized that "claimed trial court error of failing to comply with the requirements of R.C. 2945.75(A)(2) as to jury verdict forms is the type of trial court error that can be raised at trial or on direct appeal," thus "res judicata bars consideration of the issue after direct appeal." *State v. Henson,* 2012-Ohio-3730, ¶ 21 (6th Dist.). Because a challenge to the verdict forms could have been

29.

raised on direct appeal, it follows that a claim that counsel was ineffective for failing to object to those forms is also barred by res judicata.

{¶ 61} *Failure to file motion to suppress based on the collection of evidence from two locations on separate dates.* (Claim five, Lucas County case No. CR 19-3063). Gregory argues that trial counsel should have filed a motion to suppress evidence discovered during a search of his storage unit because officers lacked probable cause. The only evidence he cited in support of his position is a statement he made on the record advising the trial court that he intended to assert his constitutional protections—he cited nothing bearing on the absence of probable cause to search the storage facility. Gregory further claims that the weights of drugs found at different locations on different dates should not have been aggregated. This evidence was presented in the trial court. As such, it is part of the trial record. Because it is part of the trial record, this claim could have been litigated on direct appeal. Res judicata now bars Gregory from asserting this claim in a petition for postconviction relief.

{¶ 62} *Failure to compel the State to present professional speedy trial calculation.* (Claim six, Lucas County case No. CR 19-3063; Claim three, Lucas County case No. CR 20-1023). Gregory claimed that counsel was ineffective for failing to compel a "professional speedy trial calculation," but he also complained that COVID-19 protocol hindered the plea negotiation process. He also maintained that he did not waive his right to be present in court, so Crim. R. 43 was violated because he was required to attend some proceedings remotely and was not permitted to be present in the courtroom. We

30.

have already explained that res judicata bars Gregory's speedy-trial challenge. Additionally, it has been recognized that a violation of Crim.R. 43 may be ascertained from the record and argued on direct appeal, thus res judicata bars a petitioner from raising it in a petition for postconviction relief. *State v. Newell,* 1987 WL 7429, *1 (8th Dist. Mar. 5, 1997). In fact, during the proceedings in the trial court, Gregory's attorney lodged an objection of his behalf, stating that Gregory wished to be physically present in court. The court explained (at length, at many different hearings) that the pandemic necessitated that certain court appearances take place via Zoom. Because speedy-trial and Crim.R. 43 violations could have been raised on direct appeal, it follows that a claim that counsel was ineffective for failing to raise these issues is also barred by res judicata.

{¶ 63} *Failure to argue certain evidence in support of motion to suppress.* (Claim eight, Lucas County case No. CR 19-3063). Gregory argues that trial counsel should have argued in his suppression motion that officers had only a "hunch" that there were drugs in a bag they claimed to have seen through a window and that they were not certain that what they witnessed was a hand-to-hand transaction. This evidence was part of the trial record—i.e., it is taken from officers' testimony. As such, this claim could have been litigated on direct appeal. Res judicata now bars Gregory from asserting this claim in his petition for postconviction relief. *See e.g., Miller,* 2002-Ohio-407, at * 3 (4th Dist.).

{¶ 64} *Failure to move to suppress evidence that was collected as the result of illegal search and seizure and was not entered into the chain of custody.* (Claim one,

Lucas County case No. CR 20-1023). Gregory argued that trial counsel should have moved to suppress evidence in Lucas County case No. CR 20-1023 because his consent to a search of his vehicle was not given voluntarily, he agreed to a search of his vehicle only because he feared for his safety, and if counsel had filed a motion to suppress evidence, he would have been willing to testify. Gregory also complained that officers drove an unmarked car and claimed that recordings from body cameras would have shown that his consent was not voluntary, but the State failed to preserve this evidence. The State responded that Gregory's self-interested averments are at odds with the dash cam footage, which shows that he cooperated and that officers never brandished weapons and did not restrain him until after consent was given. It claimed that a motion to suppress would have been denied.

{¶ 65} Unlike Gregory's other ineffective-assistance-of-counsel claims that clearly rely on evidence contained in the trial record or were already considered and rejected on direct appeal, this claim was not raised in the trial court and relies on evidence outside the trial-court record—i.e., his affidavit indicating that his consent was not given voluntarily, he feared for his life, and he would have testified if counsel had filed a motion to suppress. Because this claim relies solely on evidence outside the trial record and was not considered on direct appeal, we cannot conclude that it is barred by res judicata. That is not to say that Gregory's claim necessarily presents a substantive ground for relief—this question must be considered by the trial court on remand. Accordingly, we find that the trial court erred when it determined that claim one in Lucas County case No. CR 20-

32.

1023 was barred by res judicata. We reverse the October 19, 2023 judgment of the trial court in Lucas County case No. CR 20-1023 *only with respect to Claim One* and we remand for further consideration of this claim.

## 2. Pre-indictment Delay

{¶ 66} In his seventh claim in case No. CR 19-3063, Gregory argued that his rights to due process and a speedy trial were violated by the State's pre-indictment delay. Gregory's claims of speedy-trial violations and pre-indictment delay were raised—and found not well-taken—on direct appeal. *Gregory,* 2023-Ohio-331, at ¶ 14-42 (6th Dist.). They are barred by res judicata.

## 3. Selective Prosecution

{¶ 67} In his ninth claim in case No. CR 19-3063, Gregory argued that his right to equal protection was violated because the State prosecuted him, but not the other suspects who were in the car when he was arrested. "To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *State v. Schlosser*, 1999 WL 335143, *5-6 (2d Dist. May 28, 1999), quoting *State v. Flynt*, 63 Ohio St.2d 132, 134 (1980). "Selective prosecution is

33.

not 'a defense on the merits to the criminal charge itself, but [is] an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.'" *Id.,* quoting *State v. Getsy*, 84 Ohio St.3d 180, 203 (1998).

{¶ 68} In *State v. Brown*, 1996 WL 139626, *7 (6th Dist. Mar. 29, 1996), we recognized that "'[t]he defense of selective prosecution must be raised in a pretrial motion.'" *Id.,* quoting *Cleveland v. GSX Chemical Servs. of Ohio, Inc.*, 1992 WL 95735, *5 (8th Dist. May 7, 1992). "The failure to raise the defense prior to trial . . . constitutes a waiver of the issue[.]" To that end, a petitioner's selective-prosecution claim will be barred by res judicata because it could have been—and should have been—raised at trial. *See State v. Tyler,* 1998 WL 598531, *4 (8th Dist. Sept. 10, 1998) (concluding that petitioner's selective-prosecution claim was barred by res judicata because it was, or could have been, raised at trial or on direct appeal); *State v. Watson*, 1987 WL 8475, *1 (9th Dist. Mar. 25, 1987) ("Res judicata bars consideration of defendant's claim that he was a victim of selective prosecution.").

{¶ 69} Here, Gregory was present and knew the identities of the participants to the drug transactions. If Gregory believed that law enforcement discriminatorily singled him out for prosecution, he should have litigated this issue in the trial court under Crim.R. 12(C)(1). In any event, Gregory offered no competent evidence of selective prosecution other than unsupported assertions that the white women in his vehicle were never prosecuted.

34.

#### 4. Prejudicial Joinder

{¶ 70} In his tenth claim in case No. CR 19-3063, Gregory argues that his due process rights were violated by the prejudicial joinder of all three cases and because the State refused to permit him to enter a plea in one case but go to trial in the other cases. Gregory's claim of prejudicial joinder was raised—and found not well-taken—on direct appeal. *Gregory,* 2023-Ohio-331, at ¶ 94-103 (6th Dist.). It is barred by res judicata.

{¶ 71} Because all of Gregory's claims are barred by res judicata *except claim one in Lucas County case No. CR 20-1023*, we find that the trial court did not err when it denied his petition for postconviction release in Lucas County case No. CR 19-3063 and when it denied claims two through five in Lucas County case No. CR 20-1023. We reverse the October 19, 2023 judgment of the trial court in Lucas County case No. CR 20-1023 *only with respect to Claim One* and we remand for further consideration of this claim. We affirm the October 19, 2023 judgment of the trial court in Lucas County case No. CR 19-3063.

### III. Conclusion

{¶ 72} We find Gregory's assignment of error in case No. L-23-1259 not well-taken. We find his assignment of error in case No. L-23-1260 well-taken, in part, and not well-taken, in part. We affirm the October 19, 2023 judgment of the Lucas County Court of Common Pleas in Lucas County case No. CR 19-3063. We reverse the October 19, 2023 judgment of the trial court in Lucas County case No. CR 20-1023 *only with respect to Claim One* and remand for further consideration of this claim, but we affirm in all

35.

other respects.  Gregory and the State are ordered to share the costs of this appeal under

App.R. 24.

Judgment affirmed, in part,
reversed in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
JUDGE
Christine E. Mayle, J.       

Myron C. Duhart, J.         _____
CONCUR.                          JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.